Parker, C. J.
The question submitted to us in this case is, whether the plaintiff’s replication to the third plea in bar is sufficient, in form and substance, to avoid the defence stated in the bar.
[Here his Honor recited the substance of the plea and replication.]
*To this replication there is a special demurrer; and the principal cause of demurrer relied upon is, that it is *416 bad in substance ; because, after alleging a new fact, which of itself would be an answer to the bar, if not traversed, there is a traverse of a material fact alleged in the bar, namely, the flight of Chase into the house, when the officer was about to arrest him.
If this cause is well assigned, then undoubtedly the replication is bad ; for the result of an examination of all the authorities upon the subject by Sergeant Williams, in his notes to Saunders, is, that, when the plea confesses and avoids the material facts in the declaration, there must not also be a traverse ; because it shall not be in the power of the party, by adding a traverse, to prevent the other party from denying the facts which avoid his title. (1) If this doctrine is appli cable to the replication to a plea in bar, as well as to the answer to a declaration, (and there seems to be no reason why it should not be,) then the inquiry is only, whether the.facts alleged by way of inducement to the traverse are of a nature to avoid the defence set up in the bar ; and, if they are, the taking a traverse upon another fact material to the cause is, according to the authorities, bad.
The fact alleged in the replication is, that Chase was quietly reposing in the plaintiff’s house, being a lodger and boarder there when the officer entered. Is this of itself an answer to the bar, which avers, that, the officer being about to arrest Chase, he fled into the house ?
This depends upon the relation which Chase had to the famity of the plaintiff; for it is very clear, that, if the plaintiff, or one of his family, had fled into the house to avoid an intended arrest, the officer would have been liable in trespass for entering the house forcibly in pursuit of him. It would not be so, if an arrest had been actually made, and the flight had taken place upon an escape.
The authorities do not clearly show what persons are * considered as belonging to the family of a householder, and so having a right to protection under his castle.
The very learned judges, Foster, Hale, and Coke, in treating of the inviolability of dwellinghouses, say, that the. outer doors or windows shall not be forced by an officer, in the execution of civil process against the occupier or any of his family, who have their domicil or ordinary residence there ; but that the house shall not be made a sanctuary for other persons ; so that, if a stranger, whose ordinary residence is elsewhere, upon a pursuit, take refuge in the house of another, the house is not his castle ; and the officer may break open the doors or windows in order to execute his process ; and if one, upon escape after an arrest, flee into his own house, it shall not protect him, &c. (2) According to these principles, not only the children and the domestic servants of the occupier are of his family, and sc *417 entitled to protection ; but, also, permanent boarders, or those who have made the house their home, may properly be considered as a part of the family.
The purpose of the law is, to preserve the repose and tranquillity of families within the dwellinghouse ; and these would be as much disturbed by a forcible entry to arrest a boarder or a servant, who had acquired, by contract, express or implied, a right to enter the house at all times, and to remain in it as long as they pleased, as if the object were to arrest the master of the house or bis children. A stranger, or perhaps a visiter, would not enjoy the same protection ; for, as they have acquired no right to remain in the house, if the occupant should refuse admission to the officer, after his purpose and his authority were made known, the law would consider him as conspiring with the party pursued, to screen him from arrest, and would not allow him to make his house a place of refuge.
The allegation, then, in the replication, that Chase was a boarder in the house, and quietly reposing there as one of the family, would have avoided the material allegation in the bar, that he fled into the house to avoid an arrest ; *for this is what be had a right to do, and, being within, he was safe against arrests, if the house was kept shut. This, being a new fact, ought to have been pleaded with a verification ; but, instead of that, the plaintiff traverses a fact in the bar, and thus precludes the defendant from denying and putting in issue the right of Chase to retire to the house, and protect himself there against a forcible entry and arrest.
The plaintiff, by alleging the matter in his replication before the traverse, rendered the fact traversed wholly immaterial; for, if Chase was a boarder, and one of the family, his having fled from the officer, to avoid an arrest, gave no right to the officer to break the house. The case, therefore, comes completely within the principle laid down in the authorities cited, and the replication is, for that cause, bad.
It was suggested in the argument, that, the defendants having averred that they entered the house in aid of the officer after the door was open, being required thereto, they were not trespassers, because the officer, being in the house, had a right to arrest or attach property, notwithstanding the unlawfulness of his first entry. If this would constitute a defence of itself, if properly pleaded, which we are not willing to deny, — as men may innocently, and from a sense of duty, go in aid of officers, seeing them actually within the house, and being ignorant of the manner in which they entered, — we think that the ignorance of previous facts ought to be averred, so as to give opportunity to the plaintiff to traverse it ; which is not done in this case, and so would not avail the defendants, if the replication had been sufficient.

Replication adjudged bad.

 1 Saund 22, note 2. — Ibid. 209, note 8.

 Foster's Crown Law, 320. — 2 Hale, 117 - 5 Co. 93. - 1 Hale, 459.