AMASA Z. T. WRIGHT, Complainant, *vs.* OLIVER DOOLIT-TLE 2d, Complainee.

That, if a plaintiff would stop a suit by notice that he should not prosecute the same, given after service of his writ, and before Court, he must give that notice by a writing, that will render the defendant safe without attending Court.

The complainant, in this case, came before the County Court, in Windham County, at the September Term of 1832, with a complaint, setting forth, that the said Oliver Doolittle 2d did, on the 30th day of August, A. D. 1832, pray out a writ of ejectment against the said Wright, and cause the same to be served upon the said Wright on the day and year aforesaid, by one Elijah Stebbins, Constable of the town of Vernon, in said County,—wherein the said Wright was directed to be had before the said County Court, at their said September Term, to answer to the said suit; and, upon the failure of the said Doolittle to enter his said suit, the said Wright, at the said Term of the County Court, entered a complaint for his costs in attending said Court upon said suit. To this complaint it was replied by the said Doolittle in objection, that the said Doolit-

tle, by a verbal message, delivered to the said Wright a few days before the Court, by the same officer who served the writ, informing the said Wright, that he should not prosecute his said suit, commenced by his said writ.  The Court considered this fact as proved; but considered it no sufficient objection against allowance of costs to the complainant; which were allowed accordingly.  To which decision, the said Doolittle excepted; and moved, that the same be passed to the Supreme Court.   It accordingly comes here for consideration.

WINDHAM,
February,
1833.

Wright
vs.
Doolittle.

*Argument for the complainant.*—The objection to the allowance of costs in this case, is not sufficient.

Because the notice shown to have been given by the said Doolittle to the said Wright, that the suit abovementioned would not be prosecuted, being *verbal* merely, was no security to the complainant.   In case of the death of the person, by whom the message was sent, there would have been no proof of such notice existing.

In case, too, of the death of the complainant, nothing would have been left by him to secure his estate against the consequences of the suit being prosecuted.   The complainant ought, in justice, to have been furnished *in writing* with a proof of the notice, in order that he might keep by him that which would secure him against any want of good faith in the prosecution of the suit, which had been commenced against him.

*The counsel for Doolittle* concisely argued, that this notice, sent by the officer who served the writ, and sent within a day or two after service, comes within the same principle established in the case of *Mead* and *Arms.*

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—It would be unreasonable, that a plaintiff in any suit newly commenced, should have no way in his power to stop such suit, without paying the cost of Court.   He may commence the suit in good faith, yet afterwards discover some mistake, which must render the suit abortive.   Hence this Court decided in the case, reported from Washington County, *Mead*, complainant, vs.

*Arms,* that a notice in writing from Arms to Mead, that he should not enter nor prosecute such suit, and this notice given when no taxable cost had accrued in favor of Mead, furnished a sufficient reason for refusing Mead the taxable cost of his coming to Court with his complaint to obtain such cost. The Court considered that written notice was ample security against any prosecution of the suit by Arms.

We are now called upon to attach the same effect to a verbal notice. We think this would be unreasonable.— It would subject the defendant to the risk of the life of the person who receives and delivers the message : also to the risk of the recollection and veracity of such person. And, even if these objections were obviated, there is one more risk, that of this person's continuing to reside where his testimony could be obtained. If he trusted to such verbal notice, and remained contented without attending Court, and the action should still be entered and defaulted, all possible relief would rest on so many and so uncertain contingencies, no man should be subjected to them against his consent. The reasons, given by this Court in the case of Mead and Arms, apply to no case, except where the notice is in writing, and is of itself sufficient evidence of his authority to remain quietly at home, as he might if no writ had been served upon him.

We consider this to be the only rule that would be just and practicable.

The judgement of the County Court is affirmed.

*Hayes,* for the complainant.

*Phelps,* for the complainee.