Windsor,
February,
1839.

JOSIAH JENNEY, *qui, tam v.* THOMAS GLYNN.

The complainant brought an action before a justice of the peace, in
which the justice rendered a judgment for the defendant to°recover his
costs. From this judgment the plaintiff appealed to the county court.
Eleven days before the session of the county court, to which the appeal
was taken, the plaintiff gave notice, in writing, to the defendant,
that he had discontinued the suit, and, at the time of giving such
notice, the plaintiff tendered to the defendant his costs, which the de-
fendant refused to accept. The plaintiff did not enter the appeal, but
the defendant procured the judgmont of the justice to be affirmed in the
county court, with additional costs ;—Held, that a writ of *audita querela*
would not lie to vacate the judgment of the county court.

After a suit is entered in court, the party prosecuting cannot discontinue
the suit, out of court, without the consent of the other party.

AUDITA QUERELA, to set aside a judgment of the county
court.

The complainant, for himself and the town of Chester, in
his writ complained, that on the twenty first day of Septem-
ber, 1836, at Chester, he commenced his action against the
said Glynn, by a writ, dated the same 21st day of September
aforesaid, signed by Nomlas Cobb, then one of the justices of
the peace for the county of Windsor, and made returnable
before said justice on the 20th day of October then follow-
ing, at said Chester, which said writ was served on said
Glynn according to law; in and by which said writ,
the said Jenney claimed for himself and for the use of
the treasury of the town of Chester aforesaid, of and from
the said Glynn as debt and as damages, the sum of seventy
five dollars ; that, on said 20th day of October aforesaid, at
Chester aforesaid, the said parties in said action, appeared
before said justice, and then and there, before said justice,
such proceedings were had, that said Glynn recovered a judg-
ment for his cost against the said Jenney, which said cost
was taxed by said justice at one dollar, from which said judg-
ment of said justice, the said Jenney appealed to the county
court then next to be held at Woodstock, within and for said
county, on the last Tuesday of November, to wit, the 29th
day of November, A. D. 1836 ; that afterwards, to wit, on
the 18th day of November last aforesaid, and eleven days
before the sitting of said court, to which said action was ap-
pealed, at said Chester, he, the said Jenney, tendered to the

WINDSOR,
February,
1839.

Brown
v.
Hoadley.

said Glynn the sum of one dollar of lawful money, the amount of said Glynn's taxable costs, recovered before said justice's court, and also, at the same time and place, delivered to the said Glynn a notice, in writing, dated the 17th day of said November, and signed by the said Jenney, and notifying the said Glynn that said action was discontinued and that said appeal would not be entered in said county court, which said sum of one dollar, the said Jenney was then and there ready and offered to pay to the said Glynn as and for his, the said Glynn's said costs aforesaid, and which said sum of one dollar was all the taxable cost of the said Glynn, in and about said suit expended or accrued, until after the time of said notice and tender aforesaid; that the said Glynn, disregarding the rights of the said Jenney, and intending to injure and defraud him in this behalf, and to subject him to further costs, without the knowledge of the said Jenney, afterwards, to wit, during the said November term of said county court, fraudulently procured a complaint to be entered in said county court during said November term, against the said Jenney, for not prosecuting said appeal, and fraudulently procured said judgment of said justice's court to be then and there affirmed by said county court, with $10,80 additional costs, against the said Jenney, as by the record, &c., and further alleging that he had thereby suffered damage, &c., and praying said court to vacate said judgment of said county court.

To this complaint there was a general demurrer and joinder. The county court decided that the complaint was insufficient, to which decision the complainant excepted.

After argument by *O. Hutchinson*, for the complainant, who cited, in support of the complaint, *Mead* v. *Arms*, 2 Vt. R. 180; 6 Cowen's R. 385; 12 Wend. R. 191; and by ————, for defendant;

The opinion of the court was delivered by

ROYCE, J.—The question presented is, whether the facts, set forth in the plaintiff's complaint, entitle him to a remedy by the process of *audita querela*. He places his right to relief in this form upon two grounds:—

1. That the written notice alone operated at once to discontinue the former suit.

2. That the notice and tender, combined, must have had that effect, if the notice itself had not.

We have no occasion at present to decide, what would be the effect of such a notice, in reference to this sort of remedy, if given by the party before entering his suit in court. It would, at least, be entitled to consideration by the court, on a question of granting costs to the defendant. Such was the case cited, of *Mead* v. *Arms.* But after the action has been entered in court, and costs incurred by the defendant, such a notice, given out of court, cannot have the effect contended for. By giving it that effect, we should enable a plaintiff at any time to deprive the other party of his securities for cost ; for without some final action of the court, adjudging costs to the defendant, the recognizances, given to ensure his costs, could not be enforced. The first position taken in support of this proceeding is not sustainable.

It has been often decided, that an actual settlement of a pending suit will furnish a ground for this mode of relief, if either party proceeds in the action in violation of the terms of settlement. The reason is, that he thereby commits a fraud upon his adversary, and upon the court. But the notice and tender alleged in this case can justify no inference of any mutual assent of these parties, to consider the former suit as ended. The very refusal of the tender was notice to the plaintiff, that the defendant did not intend to acquiesce in the proposed discontinuance. The plaintiff should therefore have appeared at the county court, and resisted the affirmance of judgment, on the ground of his previous notice and tender, instead of resorting to this distinct and collateral process.

There is also another view in which the complaint must be adjudged defective. It contains no allegation of a continued readiness to pay the sum tendered, nor any profert of the money in court. It appears to proceed upon the ground, that the tender and refusal at once extinguished the defendant's right to the sum tendered. But this is opposed to the settled doctrine of cash tenders. They are to be kept good, or the creditor is remitted to his previous cause of action. This principle entitled the defendant to disregard the alleged ten-

der, since it does not appear to have been preserved for his benefit.

WINDSOR,
*January*
1839,

Judgment of the county court affirmed.