DAVID HILL *v.* BENJAMIN DUNLAP.

If one commences a suit by process which is defective, he may discontinue
it, and bring fresh suit; and the second suit will not be considered vex-
atious.

In such case, the former suit may be discontinued by oral notice to that
effect.

The only use of written notice in such cases, is, *to prevent the defendant's*
claim of costs, for attending at the time and place of trial, in the discon-
tinued suit.

THIS was an action of trespass, appealed from a justice of
the peace to the county court. The defendant pleaded in
abatement the pendency, at the commencement of the pres-
ent suit, of another suit for the same cause of action. The
plea was traversed, and issue joined to the court. On trial,
it appeared that this suit was commenced by writ, issued by
Azel Spalding, justice of the peace, on the 15th of March,
1842, returnable before him on the 21st, and served on the
defendant on the 15th; that there had been a suit for the
same cause of action, commenced by writ, issued by Homer
W. Heaton, justice of the peace, and returnable before him
on the same 21st of March, and served on the defendant

WASHINGTON, previous to the issuing of the writ in the present case; and
March, that. it had been proved in the trial of this suit, before the
1843. justice, by the testimony of the individual who served the
Hill writs in both cases, "that he came out of Roger's tavern
v. 'with Dunlap, and told him that the old case was discon-
Dunlap. 'tinued, and that they had got a new writ for him, and that
'he then read to the defendant the second writ, and he
'(the defendant) went and got bail."

The court decided that it did not appear that any such suit was pending at the commencement of this suit, as would abate the same, and rendered judgment for the plaintiff; to which the defendant excepted.

*J. A. Vail* and *W. K. Upham,* for defendant.

I. We insist that Willard had no authority to give the notice to Dunlap. To authorize him to give the notice, there must be something more than his deputation to serve and return the writ. *Wainwright* v. *Webster,* 11 Vt. R. 576.

II. If Willard was authorized to give the notice, the plaintiff can derive no benefit from it, unless the first suit was in fact discontinued. Again: The notice should have been explicit and certain, so that no advantage could have been taken of the defendant if he had relied upon it.

III. The notice should have been in writing, and signed by the plaintiff or his attorney. Verbal notice was not sufficient. *Wright* v. *Doolittle,* 5 Vt. R. 390. The reason of the rule, that the pendency of a suit will abate another action, for the same cause, and between the same parties, is, that the second suit is unnecessary and oppressive. *Morton* v. *Webb,* 7 Vt. R. 124.

If the first suit had been discontinued before the entry of the suit at bar, it would not help the plaintiff. "On principle, the second suit is vexatious, if the first one were pending at the time the second one was commenced." *Parker* v. *Colcord,* 2 N. H. R. 36.

*O. H. Smith,* for plaintiff.

1. In this case the county court have found the fact that no such suit was pending at the commencement of the present action, as would abate the same; or, in other words, that the suit described in the defendant's plea was not pend-

ing at the commencement of the present action. A fact
found by the county court cannot be a subject of inquiry
in the supreme court. *Kirby* v. *Mayo*, 13 Vt. R. 103. The
case is to be viewed as strictly a matter *in error;* and if a
writ of error would not be sustained, this court will not re-
verse the decision of the county court, for this court cannot
revise the questions of fact which were settled below. *Way*
v. *Wakefield*, 7 Vt. R. 223.

. 2. If it can be said that the case presents any question for
this court to decide, it can only be, whether a suit once com-
menced, can be discontinued by the act of the plaintiff, by
giving notice to the defendant. We contend that the plain-
tiff in any action may discontinue the same by giving notice.
The service of a writ is considered as the commencement of
a suit, in general. The object of the service of process is to
give notice to the defendant to appear in court. It would
be absurd to say that the notice could not be countermanded.
See *Haskell* v. *Whitney*, 12 Mass. 47 ; *Mead* v. *Armes*,
2 Vt. R. 180. No case can be found, it is believed, estab-
lishing a doctrine so inconvenient and mischievous in prac-
tice, as the one contended for by the defendant. ;

The opinion of the court was delivered by

REDFIELD, J. — The only question reserved in this case
is, whether the county court decided correctly upon an issue
of fact, joined to them, upon the traverse of a plea in abate-
ment, of the pendency of a former suit, at the time the writ
in this action was served.

The suits must have been both pending at the same time,
or there is no ground of pleading in abatement, on that ac-
count. If that is not the case, there is nothing vexatious.
If they were both pending at the same time, the former suit
will abate the latter, but not *vice versa*. In this state, we
have adopted the rule, which obtains in Connecticut and
some of the other states, that if the party bring a defective
suit, he may, upon discovering the defect, discontinue that
suit, and bring another, and this shall not be considered vex-
atious. And if the party gives notice of discontinuance, and
brings fresh suit, in the absence of all proof to the contrary,
it will be presumed to have been for defect in the former

WASHINGTON,
*March,*
1843.

Hill
*v.*
Dunlap.

process, else he could have had no motive for the proceeding.

As this was an issue of fact, joined to the county court, we cannot well revise their decision, unless the testimony was illegal, or of a degree which was inadequate. For, if the testimony was of a quality to have been submitted to a jury, the finding of the county court upon it is not subject to reversal here. Hence, although it might be argued that the person giving the notice was not authorized so to do, yet, if the parties acquiesced in his authority, they being present or near at hand, when the fact of his authority might have been easily inquired into, the county court might well have inferred he had such authority. The same may be said in relation to the terms in which the notice was communicated. It is true they were rather indefinite, but no doubt in regard to their import being expressed at the time, it might be a fair inference that they were, in fact, understood by the defendant as referring to the former suit.

The only question, then, which arises in this case, is, whether notice of discontinuance, being without writing, makes the second suit vexatious. There is no other case in which it has ever been held, that there was a necessity for notice of discontinuance to be in writing, except to prevent a claim for costs, under the statute, which provides, that, if the party shall discontinue his suit, he shall be liable to pay the other party " reasonable costs." And the decision to this extent is rather *making* law, perhaps, and should not be extended. But even when the party gives notice, orally, of discontinuing his suit, the suit is none the less discontinued, because the other party may be entitled to costs. It is a matter of discretion with the court when costs shall be allowed. They have said they will not allow them when notice is given in writing. But if the notice is oral, the suit is none the less discontinued, and if the party thereafter proceed in it, and take judgment as by default, he will be liable to have it set aside by *audita querela.* If the defendant have incurred costs which are not tendered, he will be entitled to claim them ; and so, for the costs of attending at the time and place of court, if no writing is given for his protection. Still the former suit was discontinued from the time of the notice ; and had the party, after receiving such notice, disregarded

it, and summoned witnesses, he could not recover for their attendance or travel. And this second suit is not, in any sense, to be considered vexatious, because the notice was not in writing, especially when the defendant asked no writing for his security, and did not object to the sufficiency of the notice. Judgment affirmed.