## SCOTT DUNKLEE v. C. M. GOODENOUGH.

WINDHAM COUNTY, 1893.

Before: ROSS, CH. J., TAFT, ROWELL AND START, JJ.

*Pleading.   Former recovery.   Whole record inspected upon general demurrer.   Replication cannot both deny and avoid.   Discontinuance of justice suit after appeal.*

1. A plea of a former recovery which alleges in proper form an impleading before a justice of the peace for the same causes of action, and avers that the defendant recovered judgment in said action upon said several causes of action, is good as showing a former recovery upon the merits.

2. A replication to such a plea which admits the impleading and judgment, alleges that it was upon a plea in abatement, and that the plaintiff took an appeal, and before the session of the county court discontinued his suit, must be construed as in confession and avoidance.

3. A plaintiff in a justice suit, after judgment against him, can not discontinue his suit while pending upon appeal before entry in the county court.

4. A plaintiff cannot, by his replication, both deny, and confess and avoid the plea.

5. In applying the rule that a general demurrer reaches the first substantial defect, the whole record must be looked into.

6. So where the plea is good upon its face, the replication bad, while the rejoinder contains matter which shows that the plea is not good in fact, judgment upon general demurrer to the rejoinder should be for the plaintiff.

General assumpsit.   Heard upon general demurrer to the defendant's rejoinder at the September term, 1892, MUNSON,

J., presiding.   Judgment overruling the demurrer, and that the rejoinder is sufficient.   The plaintiff excepts.

To the plaintiff's declaration, which was in the common form, the defendant plead a former recovery.   The questions considered arise upon the subsequent replication and rejoinder, which were as follows :

"And the said plaintiff, as to the said plea of the said defendant by him above pleaded, saith that the said plaintiff by reason of anything by the said defendant in that plea alleged ought not to be barred from having or maintaining his aforesaid action thereof against the defendant, because he says, that though true it is that the said plaintiff impleaded the said defendant before said justice of the peace for the cause therein mentioned, the defendant appeared before said justice at the time and place mentioned in said plea and filed a plea in abatement of said writ, in the words and figures following, to wit :

> "*Scott Dunklee*          Before
>           v.          Royall Tyler, Esquire,
> *C. M. Goodenough.*          Justice of the Peace.

"And now the defendant comes and says that the writ in said suit was made returnable on the fifth day of December, 1887, at ten o'clock in the forenoon, at the office of Waterman, Martin & Hitt, in Brattleboro, in the county of Windham, and by the declaration therein contained the plaintiff declared against the defendant for money had and received by the defendant to the plaintiff's use, for money lent and accommodated by the plaintiff to the defendant, for money laid out and expended by the plaintiff for the defendant, for work and labor done and performed by the plaintiff for the defendant, for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, for money found due from the defendant to the plaintiff on accounting, and for money due from the defendant to the plaintiff for the use and occupation of premises of the plaintiff, as by the writ and declaration more fully appears ; that by agreement of the parties before the return day of said writ the same was continued to this 19th day of December, 1887, at the same

hour and place; that since said continuance the defendant has craved a specification of the claim of the plaintiff upon which said suit is brought, and it is now read to him; that thereupon the defendant further says that said suit is brought to recover a demand for goods, wares and merchandise, to wit:   One sewing machine, sold and delivered by the plaintiff to the defendant, to wit, on the 16th day of October, 1883, and not upon any promissory note given in liquidation of said demand; that said sewing machine was sold and delivered by the plaintiff to the defendant in Newfane, in the county of Windham, and not in said Brattleboro; that at the time of the bringing of this suit the defendant resided, and has ever since resided, in said Newfane, and not in said Brattleboro, and that said suit should be brought and tried in said Newfane, and not in said Brattleboro.

"Wherefore he prays judgment of said suit that the same may abate

C. M. GOODENOUGH.

"And the plaintiff joined issue on said plea, and said plea in abatement was sustained by the court, and the defendant recovered judgment upon said plea in abatement and for his legal costs, which are the same impleading and judgment set forth in the defendant's second plea, and the said plaintiff appealed from said judgment to the next term of said county court, and failed to enter an appearance in said court as therein set forth, but he says that after the rendition of said judgment, to wit:   On the first day of March, A. D. 1889, before said term of court, and before the commencement of this suit, and while said cause was pending on said appeal he discontinued said cause and notified the defendant thereof, wherefore said appeal was not entered at said term of court as set forth in the defendant's plea; and this he is ready to verify; wherefore he prays judgment and his damages by him sustained by reason of the not performing of the said several promises and undertakings as in his declaration mentioned."

REJOINDER.

"And the said defendant, as to the said replication of the said plaintiff to the plea of the said defendant by himself secondly above pleaded, says that the said plaintiff ought not to have or maintain his aforesaid action thereof against

him, the said defendant, because he says though true it is that upon the issue joined on said plea of abatement the defendant recovered judgment upon said plea of abatement and for his costs as stated in the plaintiff's replication, that judgment was also rendered upon said same plea in abatement, and issue joined thereon, by the said justice for the said defendant, as by the record still remaining in said justice court fully appears, and this he is ready to verify; wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against the said defendant."

*Waterman, Martin & Hitt* for the plaintiff.

A judgment is no bar unless upon the merits. R. L., § 905, Sub. Div. III; *Morse* v. *Presbrey*, 5 Foster 299; *Eaton* v. *Badger*, 33 N. H. 228; Freem. Judg., § 120; Chitty Pl. 198; *Walker* v. *Davis*, 1 Gray 506.

The plea before the justice was not in abatement, but to the jurisdiction. *Cunningham* v. *Caldbeck*, 63 Vt. 91; Steph. Pl. n. 20, page 46; Bac. Ab. Pleas, etc., E. 2; 1 Chitty Pl. 427; Gould Pl., §§ 13–30.

The general demurrer reaches the first substantial defect. *Swift* v. *Hamlin*, Bray. 189; Gould Pl. 474; *Dunklee* v. *Goodenough*, 63 Vt. 459.

The plaintiff might discontinue his suit while pending on appeal. Gould Pl. 291; *Hill* v. *Dunlap*, 15 Vt. 645; *Ballou* v. *Ballou et al.*, 26 Vt. 673.

*Haskins & Stoddard* for the defendant.

The plaintiff could not discontinue his suit while pending on appeal from a final judgment against him. Freem. Judg., § 116; *Allen* v. *Huntington et al.*, 2 Aik. 249; R. L., § 1,064; *Jenney* v. *Glynn*, 12 Vt. 480.

TAFT, J. The questions in this case are raised by general demurrer to the rejoinder. The declaration is sufficient.

The defendant pleads former recovery. He alleges in his plea, with proper averment of time, place and court, that he was theretofore impleaded before one justice of the peace, Tyler, for not performing the very same identical promises and undertakings, each and every one of them in said declaration mentioned, and that he recovered judgment in said action *upon said several causes of action*, and for his legal costs. This is a sufficient allegation that the judgment was upon the merits. The allegation cannot be sustained by proof that the disposition of the case was upon a plea to the jurisdiction, in abatement, nonsuit, discontinuance, etc. It is alleged in the plea that in the proceedings before Justice Tyler, after judgment was rendered for the defendant, the plaintiff appealed to the then next term of the Windham county court, but failed to enter his appeal, whereby the judgment remained in force (R. L., §§ 1,064–5). The plea, on its face, is good, for it shows a former recovery for the same cause of action.

The next question that arises is, what is the character of the replication? It should be either in denial, or in confession and avoidance. It is not in terms a plea *nul tiel record;* it admits that the defendant recovered a judgment, but alleges that it was upon a plea in abatement; an argumentative way of saying that the defendant did not recover the judgment set forth in the plea. If there was nothing more in the plea it might be regarded as one of *nul tiel record* in an argumentative form. But there is added a fact that we think makes the replication one more in the nature of confession and avoidance than of denial; it admits the impleading and judgment, setting forth that the latter was upon a plea in abatement, that an appeal was taken and a failure to enter it, and avers that after the judgment and appeal, and before the term of the county court to which the appeal was taken, and while said cause was pending on appeal, the plaintiff discontinued said cause and notified the defendant thereof,

wherefore the said appeal was not entered as set forth in said plea. The plea set forth in the replication and styled a plea in abatement is, in reality, a plea to the jurisdiction. *Cunningham* v. *Caldbeck*, 63 Vt. 91. The plaintiff could not discontinue the suit in the manner alleged. In *Jenney* v. *Glynn*, 12 Vt. 480, it was held that after an appeal was taken from a justice judgment, and before it was entered in the county court, the plaintiff could not discontinue the suit. The case of *Hill* v. *Dunlap*, 15 Vt. 645, cited by plaintiff, was a case in which the discontinuance was before the entry of the case in the justice court, and in *Ballou* v. *Ballou*, 26 Vt. 673, the question was not involved, as the suits were for different causes of action, and the question of discontinuance was immaterial. It is suggested that the replication does not confess the judgment set forth in the plea, that it alleges a different kind of a judgment. It is not necessary that a pleading in confession and avoidance should admit the truth of the adverse statement absolutely and to all purposes. It is sufficient if the pleading *gives color*, *i. e.*, confesses the matter adversely alleged to such an extent, at least, as to admit some apparent right in the opposite party which requires to be encountered and avoided by the allegation of new matter. The plaintiff admits a judgment, but attempts to give it a more limited effect than what is claimed for it by the defendant, and then, whatever its character may be, avoids it wholly by alleging a discontinuance. The pleader by the rejoinder takes the same view of the matter, for he reiterates the broader scope of the judgment which is denied by the replication. See Heard's Civil Pleading, p. 150. If the character of the replication is ambiguous, it must be construed adversely to the pleader, and as a traverse or denial of the plea would be good, it must be held to be a replication in confession and avoidance, for as such it is clearly bad, for the plaintiff could not discontinue his suit in vacation. In some respects the replication is more like a denial

and avoidance than a confession and avoidance, *i. e.*, it argumentatively denies the judgment, and then avoids it by a discontinuance; this the plaintiff cannot do, for one cannot deny and avoid; he must either deny, or confess and avoid; and he cannot confess and avoid and at the same time traverse.   Gould's Pl. c. 7, § 34; Com. Dig. Pleader, G. 3; *Bedel* v. *Lull*, Cro. Jac. 221; *Oystead* v. *Shed*, 13 Mass. 520.   To deny the judgment would be repugnant to the pleader's own confession that there was a judgment, and he took an appeal and then discontinued his suit.   The pleader evidently did not attempt to plead *nul tiel record*. He says there was a judgment, but it was avoided by a discontinuance.   The gist of the replication is the discontinuance, and it is in fact immaterial whether the judgment set forth in the plea is confessed or denied, for the discontinuance in vacation was legally impossible, and the replication for that reason is bad in substance, and therefore no answer to the plea.

The defendant in the rejoinder does not attempt to answer the replication, *i. e.*, the allegation of the discontinuance of the action, but concedes that the judgment was rendered "on said plea in abatement" for his costs, and alleges that the judgment was "in chief upon and in bar of said action," a thing impossible in law, for no judgment upon the merits could have been rendered for the defendant upon the plea to the jurisdiction, and therefore the rejoinder is bad in substance.   Now the question arises, what effect has the rejoinder upon the plea?   The legal intendment of the plea is that the former judgment pleaded was rendered upon the merits, but the rejoinder shows that it was rendered upon a plea to the jurisdiction, and therefore could not have been what the plea alleges it was.   The rejoinder shows that the former judgment was no bar to the action, and therefore vitiates the plea.   Upon the whole record it appears that the first substantive defect is in the plea.   It is an established

rule in pleading that upon the argument of a demurrer the court will give judgment against the party whose pleading is first defective in substance. Gould's Pl. c. 9, §§ 37, 38. A demurrer reaches back through the whole record, and in general attaches ultimately upon the first substantial defect in the pleadings on whichever side it may have occurred. Gould's Pl. c. 9, § 36. But the whole record must be considered, and it is the duty of the court to look to and adjudicate upon all the prior pleadings in the cause. *Inglehart* v. *State*, 2 Gill & J. 235.

It is suggested that if the plea in bar is good on its face in the order of pleading, and the replication and rejoinder both bad in substance, that the plea cannot be affected by what is contained in the rejoinder, although the latter contains facts which show the plea in bar lacking in substance. This would not be judging upon the whole record, for the whole record shows that the defendant has made no answer to the declaration. In its application to a case like the one at bar, the rule is well stated by Mr. Gould in his logical work on pleading, c. 9, § 39, "when the replication to an insufficient plea is not only defective in matter, but also shows that the plaintiff has no cause of action * * * judgment on demurrer to the replication must be for the defendant, though his plea is radically insufficient. For in every such case it will necessarily appear from the *whole record* that the plaintiff is not entitled to judgment." So in this case upon demurrer to the rejoinder judgment must be for the plaintiff, though his replication be fatally defective, and the plea on its face good, for it necessarily appears from the whole record that the defendant is not entitled to judgment, though his rejoinder is a sufficient answer to the replication, for it appears from the rejoinder that the judgment pleaded in bar is no bar. This rule was applied in Turnor's case, 8 Co. 132, and stated thus: "And a difference was taken when by the replication it appears that the plaintiff has no cause

of action, there the plaintiff shall never have judgment,
nlthough the bar be insufficient;" and in Bonham's case, 8
Co. 120 c., "But when the plaintiff makes replication, sur-
rejoinder, etc., and thereby it appears that upon the whole
record the plaintiff has no cause of action, he shall never
have judgment, although the bar, rejoinder, etc., be insuffi-
cient in matter; for the court ought to judge upon the whole
record, and everyone shall be intended to make the best of
his own case." Ridgeway's case, 3 Co. 52, is similar. The
declaration was good, the plea bad, the replication showed
that the plaintiff had no cause of action, and it is said "and
now on the whole record it doth not appear to the court that
the plaintiff hath cause of action, wherefore the plaintiff, per-
ceiving the opinion of the court, did discontinue his suit; but
it was agreed that if the plaintiff had demurred upon the
bar he should have had judgment." In *Gewen* v. *Roll*,
Cro. Jac. 131, it is said, "But where the replication is to
entitle himself to the action, and by the plaintiff's own show-
ing in the replication he hath not any cause of action, there
judgment shall be against the plaintiff, although the bar be
ill." To the same effect are *Freeman* v. *Sheen*, 2 Bulstrode
94; *Brickhead* v. *Archbishop of York*, Hob. 197 a; *LeBret*
v. *Papillon*, 4 East 502; Comyn's Dig. Pleader (M) 3, and
cases there cited. The rule is as applicable to the pleadings
of the defendant as to those of the plaintiff. The view that
you must judge of each part of the pleading by itself with-
out reference to the whole record is too narrow and restricted.
It would enable a party to obtain judgment in his favor when
the right as shown by all the pleadings was against him. If
the declaration in a case is insufficient, the general rule is
that the plaintiff cannot recover; but when the defect in the
declaration is cured by subsequent pleading—in a case that
stands upon demurrer to the replication—the plaintiff has
judgment, although upon the declaration itself he would fail,
for as the court well say, "Upon the whole pleadings we are

enabled to come at the justice of the case." *Probate Court* v. *Vanduzer*, 13 Vt. 135.

The court below held that the rejoinder was a sufficient answer to the replication, overruled the demurrer, and adjudged the rejoinder sufficient. While it is true that a poor rejoinder is a sufficient answer to a defective replication, the latter is a sufficient answer to a faulty plea, and the ruling should have been demurrer sustained and plea adjudged insufficient.

*The judgment overruling the demurrer is reversed, and cause remanded.*