MARSHALL BROWN'S EXECUTOR *vs.* CHARLES HITCHCOCK
and tr.

October Term, 1896.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Statute of Limitations—Election.*

The defendant promised to pay a sum stated or to allow the same to be
applied in a certain manner, at the option of the promisee. The latter
elected to make the application but failed to do so through no fault of
the defendant. Meantime the statute of limitations had run in favor of
the obligation to pay on demand. *Held*, that the action was barred.

GENERAL ASSUMPSIT. Pleas, the general issue, the statute
of limitations and payment. Replication of special matter
to the plea of the statute. Demurrer to the replication.
Heard on demurrer at the March Term, 1896, Rutland
County, *Taft*, J., presiding. Demurrer overruled and replica-
tion adjudged sufficient. The defendant excepted.

*S. E. Everts* and *J. C. Baker* for the defendant.

The only promise contained in the contract is the promise
to pay on demand. The testator's option to apply the
proceeds of certain property in his hands in payment does
not change the character of the promise. If he elects to
take his pay from the proceeds there is no basis to support
this action. If he elects to enforce the promise by action he
must stand upon the contract as a promise to pay on
demand. *Hartranft's Estate*, 153 Pa. St. 530.

The testator had a right to bring his action immediately,
and there was nothing in the option which restricted this
right. *Palmer* v. *Palmer*, 36 Mich. 487; *Steele's Admrs.* v.
*Steele*, 25 Pa. St. 154.

*J. B. McCormick* and *Edward Dana* for the plaintiff.

It is evident from the contract itself that the amount

called for was to be paid out of the defendant's share in the estate, if Brown should so elect, and that a delay in the payment was contemplated until the sale of the real estate. Brown did elect to make the collection out of the proceeds, and therefore to delay the collection until the sale, as set forth in the replication; and the sale was made within the statutory period. The defendant is estopped from pleading the statute. *State Trust Co.* v. *Sheldon,* 68 Vt. 259; *Gay's Est.* v. *Hassom,* 64 Vt. 495; *Burton* v. *Stevens,* 24 Vt. 131; *Randon* v. *Toby* 11 How. 493.

When a possible delay is contemplated by the express terms of the contract, the statute does not begin to run until the contemplated delay is terminated. *Stanton* v. *Est. of Stanton,* 37 Vt. 411.

TYLER, J. Marshall Brown was the executor of the will of Robert H. Smith, and the defendant was a legatee and devisee under the will. The plaintiff as executor seeks to recover of the defendant in the common courts in assumpsit, the amount of three promissory notes, the first of which, dated August 8, 1873, is as follows:

"I, Charles Hitchcock, have received of Marshall Brown, as executor of the will of Robert H. Smith, late of Pawlet, Vt., deceased, four hundred and fifty dollars, which I agree to pay to him on demand with interest annually at the rate of 7 per cent. per annum from this date, or to allow and apply the same to him on the settlement or division of the real estate of Robert H. Smith, or out of the avails or proceeds thereof, when sold, or of my share thereof as said Brown may hereafter elect, with interest on the same annually at the rate of 7 per cent.

     (Signed)   CHARLES HITCHCOCK."

The other two notes are in the same terms, differing only in dates and amounts, the second dated October 1, 1874, given for $100, the third dated October 27, 1874, given for $100.

The defendant pleaded, first, the general issue; second,

that he did not assume and promise at any time within six years and thirty days next before Marshall Brown's death; third, that the causes of action did not accrue within six years and thirty days next before that time; fourth, payment. The plaintiff joined in the *similiter* to the general issue, replied special matter to the second and third pleas and traversed the fourth. The case comes here upon the demurrer to the replication to the second plea.

The defendant's promise was in the alternative—to pay the notes on demand, or out of the real estate, or the avails thereof at the payee's election.

The replication alleges that said Brown in his life-time and the plaintiff since Brown's decease, made their election not to require payment of said sums on demand, but relied upon the alternative promise and therefore brought no action in Brown's life-time. It further alleges that a settlement and division of the estate of said Brown had been made, and that a portion thereof had been decreed by the probate court to the defendant. It alleges no breach of the alternative promise by the defendant, nor any act of his by which the plaintiff was prevented from applying the proceeds of the sale of said real estate upon the notes at his election. For anything alleged the plaintiff might have made his election and applied such proceeds upon the notes. It in fact alleges that the plaintiff did make his election, but failed to make an application of the money received, but through no fault of the defendant.

Therefore the second plea is a good answer to the declaration, and the replication, which is only an amplification of the declaration, is no answer to the plea, but it shows that the plaintiff had no cause of action. The form of judgment is adopted as in *Dunklee* v. *Goodenough*, 65 Vt. 257.

*Judgment reversed; demurrer sustained; declaration adjudged insufficient and cause remanded.*