MARSHALL BROWN'S EXECUTOR *vs.* CHARLES HITCHCOCK.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed July 28, 1899.

*Statute of Limitations—Election.*—The defendant promised to pay a sum stated or to allow the same to be applied in a certain manner, at the option of the promisee. The latter elected to make the application, but failed to do so through no fault of the defendant. Meantime the statute of limitations had run in favor of the obligation to pay on demand. *Held*, that the action was barred.

GENERAL and special assumpsit. Pleas, general issue, statute of limitations, and accord and satisfaction. Trial by jury at the September term, 1898, Rutland county, *Thompson*, J., presiding. Verdict and judgment for the plaintiff under *pro-forma* rulings. The defendant excepted.

*Silas E. Evarts* and *Joel C. Baker* for the defendant.

*Butler & Moloney* and *J. B. McCormick* for the plaintiffs.

START, J. The plaintiff seeks to recover on three instruments executed by the defendant to the plaintiff's testate. The first, dated August 8, 1873, is as follows: "I, Charles Hitchcock, have received of Marshall Brown, as executor of the will of Robert H. Smith, late of Pawlet, Vt., deceased, four hundred and fifty dollars, which I agree to pay to him

on demand, with interest annually at the rate of seven per cent. per annum from this date, or to allow and apply the same to him in the settlement or division of the real estate of said Robert H. Smith, or out of the avails and proceeds thereof when sold, or of my share thereof, as said Brown may hereafter elect, with interest on the same annually at the rate of seven per cent. per annum." The other two instruments differ from the first only in amount and date. The plaintiff claimed, and his evidence tended to show, that Marshall Brown, within six years after the execution and delivery of the instruments, elected to take his pay out of the real estate, or the proceeds thereof, and notified the defendant of his election.

The court instructed the jury, that, if Marshall Brown, within six years from the execution and delivery of the instruments, elected to take his pay out of the avails or proceeds arising from the sale of the real estate mentioned in the instruments, pursuant to the option given him in the instruments, and notified the defendant of his election, the plaintiff was entitled to recover. By this instruction, the defendant's liability was made to depend upon whether Brown made his election within six years after the execution and delivery of the instruments, and gave notice thereof to the defendant. This is not the test of the defendant's liability. The right of action upon the defendant's promise to pay the sums specified in the instruments, on demand, was not available to Brown after he had made his election and given notice thereof to the defendant. The only other undertaking of the defendant was to allow Brown to apply the defendant's share in the real estate, or the proceeds thereof when sold, in payment of the sums of money named in the several instruments; and the defendant's liability depended upon whether there had been a breach of this agreement on his part. Brown could not, by electing to take his pay out of the real estate, or the proceeds thereof, and giving notice of his election, fix a personal liability

upon the defendant. In case of such an election, the defendant was not, by the terms of the instruments, to pay anything personally. Brown was to take his pay out of an estate which he was administering, and, unless the defendant prevented him from doing so, or there was, in some other way, a failure to receive his pay out of the defendant's share in the estate, through the fault of the defendant, there was no breach of this contract, which Brown had elected to rely upon. Brown having elected to take his pay out of the real estate, or the proceeds thereof, and having given notice of his election to the defendant, the defendant's liability, under the pleadings, depended upon whether, within six years before the commencement of the suit, there had been a breach of the alternative promise which Brown had elected to rely upon, on the part of the defendant. Such was, in effect, the holding when this case was before this court on the pleadings. *Brown's Executor* v. *Hitchcock*, 69 Vt. 197. In view of this holding, it is unnecessary to decide the other questions argued by counsel.

*Judgment reversed and cause remanded.*