## WARD *against* CURTISS.

A writ of attachment in an action of book debt, in favour of *A* against *B,* dated the 10th of *November,* was served, on that day, by attaching the property of *B* and leaving a copy with him.   While this writ was in the hands of the officer, unreturned, *A* discovered that his claim, which was the subject of the suit, was not then due.   The officer then, by *A's* direction, erased his indorsement of service on the writ, and with that writ, without other alteration, attached the same property, on the 14th of *January* following, after *A's* claim had become due;  and having indorsed the writ as served on that day, returned it to the clerk of the court.   *B* pleaded the general issue, and, on the trial of the cause, objected to a recovery by *A,* on the ground that no cause of action had accrued when the action was commenced.   Held, 1. that if the rights of *B* had been essentially affected, by the act of the officer in erasing his first indorsement of service, he might be compelled to restore it, either upon motion or writ of *mandamus;* 2. that as the action, at the first service of the writ, was ineffectual to secure the claim, such service would not abate the suit afterwards commenced; 3. that the use of the same writ on both occasions, was justifiable;   4. that consequently, the defence relied on was unavailing. [One judge dissenting.]

THIS was an action of book debt; tried, on the general issue, at *Hartford,* at an adjourned term in *March,* 1847, before *Church,* J.

On the trial, it was proved and admitted, that no part of the plaintiff's book account, for which the action was brought, became due before the 5th of *December,* 1845.   The writ was dated the 10th day of *November,* 1845.   This writ the plain-

tiff delivered to a deputy-sheriff, on that day, by virtue of which, he attached certain articles of personal property belonging to the defendant, and took them into his possession, at the same time leaving in service with the defendant an authenticated copy of his proceedings, and also made an indorsement of his doings upon the writ. Afterwards, on the 14th of *January*, 1836, the plaintiff, being advised that he could not legally commence an action on his book account, until it had become due according to the terms of the contract between the parties, directed the officer to attach again the same property, which he accordingly did, and after having erased his former indorsement of service on the writ, made another indorsement of service thereon, under the date of *January* 14th, 1846, and as having been made at that time. He left also, at the same time, a copy of the writ and of his indorsement thereon with the defendant, and returned the writ to the clerk of the court to which it was returnable. Upon this writ and the declaration accompanying it, the trial was had.

The defendant claimed, that as no part of the plaintiff's account had become due on the 10th of *November*, 1845, nor would be due until the 5th day of *December*, 1845, the plaintiff was not entitled to recover in this action ; and requested the court so to charge the jury. The court did not give any instruction to the jury on this matter. The jury returned a verdict for the plaintiff; and the defendant moved for a new trial, for the omission of the court to give the instruction requested.

*Hungerford* and *Chapman*, in support of the motion, contended, 1. That the writ in this case was duly served, on the 10th of *November*, 1845. *Stat.* 43. *s.* 5. (ed. 1838.)

2. That the writ being duly served, the action was then *commenced*. *Clark* v. *Helms*, 1 *Root* 86. *Jencks* v. *Phelps*, 4 *Conn. R.* 149. *Holdridge* v. *Wells*, *Id.* 151. n. *Spalding* v. *Butts*, 6 *Conn. R.* 28. *Perkins* v. *Perkins*, 7 *Conn. R.* 558. *Gates* v. *Bushnell*, 9 *Conn. R.* 530. *Sanford* v. *Dick*, 17 *Conn. R.* 215.

3. That the suit having been commenced, the rights of the defendant had become involved, and the plaintiff could not legally cause the indorsement to be erased and treated as a nullity ; nor will the court so consider it. A *retraxit* or a non-

*Hartford,*
*July, 1847.*

Ward
*v.*
Curtiss.

suit is the only means by which a suit once commenced can be taken out of court; and this can take place only in open court.

*Parsons* and *T. C. Perkins,* contra, contended, 1. That an inoperative service of a writ may be abandoned, and the writ served again as a new process. Had a new writ been substituted, and served, on the 14th of *January,* the proceeding would have been legal, beyond all question; for the second writ would not abate, by reason of the pendency of the first, the first being entirely ineffectual. *Durand* v. *Carrington,* 1 *Root* 355. *Id.* 562. In the first place, when the plaintiff abandoned his first service, and the officer, by his direction, erased his indorsement, it became substantially a *new suit.* Secondly, service is not perfected until the writ is returned to the clerk's office; and while it is in the officer's hands, it is entirely under his controul. His return may be altered or erased, or he may refuse to return the writ at all, he being responsible if his proceedings are illegal. The taking and detention of the property, under the first service, may have made the officer a *trespasser;* but this does not affect the question whether the commencement of the suit is to be dated from the second service. Thirdly, the defendant's objection, being merely technical, is not entitled to favour.

2. That if this objection is available in any form, it is matter of *abatement,* and should be so pleaded.

CHURCH, Ch. J. This writ is dated on the 10th day of *November,* 1845, and, as appears by the return of the officer, indorsed upon it, was duly served, on the 14th day of *January,* 1846, and was legally returned into court, with that and no other certificate of service. Every thing appears in the usual and legal form.

To this writ and declaration the defendant has made no objection, but has appeared and pleaded the general issue, and proceeded to trial. And upon a trial to the jury, for the first time, the defendant objects, that this action was in truth commenced on the 10th day of *November,* 1845, and so that a cause of action which accrued after that date, as it is conceded this did, cannot be proved and sustained under this process.

The conceded facts, relied upon, as sustaining this objec-

Hartford,
July, 1847.

Ward
v.
Curtiss.

tion, are, that this writ, which was served on the 14th day of *January*, and returned and certified as served on that day, had in fact also been served, by the same officer, by an attachment of the same property, on the 10th day of *November* previous, at which time, a copy had been legally left in service with the defendant. It is also admitted, that the plaintiff, after the proceedings of the 10th day of *November*, and while the writ was in the hands of the officer unreturned, discovered, that the claim which he intended to recover by his suit, was not yet due, and therefore, that these proceedings were entirely ineffectual to secure his debt. He had obtained nothing by his attachment. In this state of things, the plaintiff could have suppressed or destroyed his writ, and by procuring a new one, he could, without legal objection, have served it, on the 14th day of *January*. Instead of doing this, however, before the writ had been returned, the officer, by his direction, erased the original certificate or indorsement of service, and made use of the same writ, for the purpose of securing his debt, by a new attachment.

The only process which we can recognize, and which has become one of the files and records of the court, and which has been returned as having been served at all, is this one served on the 14th day of *January*, 1846; and it is to this which the defendant has made answer, and upon this proceeded to trial. The acts done on the 10th day of *November* before, as it seems to us, no more affect this proceeding, than if this were a new writ and process, served after the former one had been destroyed. There was no stamp or other duty payable, which made it necessary for the plaintiff to obtain a new writ.

It would be well to look at the effects which might follow upon the present state of this record, if the objection of the defendant should prevail. Suppose no articles of charge which fell due between the 10th day of *November*, 1845, and the 14th day of *January*, 1846, could be recovered in this suit, and the plaintiff should commence another action to recover them. We think it certain, that this record would bar their recovery; for this judgment, upon the present condition of the record, would embrace all book debt claims existing before the 14th day of *January*, 1846.

We think also, that this objection, if of force, should have

*Hartford,*
*July, 1847.*

Ward
*v.*
Curtiss.

been interposed at an earlier day, and in a different form. Judge *Swift*, in his *Digest, vol.* 1. *p.* 610. says, that if it appear, that the suit was commenced before the cause of action had accrued, this may be pleaded in abatement. Whether this be so or not, if the rights of the defendant had been essentially affected, by the act of the officer, in erasing his first indorsement of service, we think he might have been compelled to restore it, either upon motion, or writ of *mandamus*, so that the whole of his proceedings under the writ should appear upon the writ itself. Moreover, as it appears, that the service of the 10th day of *November*, was made under a misapprehension, and that the second service was necessary to secure the debt, we are clearly of opinion, that the just principle so often recognized by our courts, is strongly applicable ; that if the action first commenced be misconceived, or was ineffectual to secure the demand, it will not abate a second suit instituted *bona fide* and without vexation.

The only complaint of the defendant, therefore, is, that the plaintiff made use of the same writ on both occasions. And inasmuch as this has produced no injury to the defendant, nor violated any principle of law known to us, we cannot advise a new trial.

In this opinion WAITE, STORRS and ELLSWORTH, Js., concurred.

HINMAN, J. dissented.

New trial not to be granted.