### Solomon Downer *v.* Robert Garland.

The pendency of a prior suit does not necessarily prove, that a second suit, between the same parties and for the same cause of action, is vexatious; but it is open to inquiry, whether, or not, such second suit is in fact vexatious.

If the prior suit be defective, the party, upon discovering the defect, may discontinue that suit and bring another, and the second suit will not be considered vexatious.

Downer *v.* Garland.

If the prior defective suit have been entered in court, it is not necessary, that an entry of discontinuance should be made upon the docket prior to commencing the second suit. A written notice of discontinuance, delivered to the defendant previous to the service of the second writ, will be sufficient.

In this case the prior defective suit had been entered in court, and the defect pleaded in abatement, and the plaintiff, during the term at which the plea was filed, gave to the defendant a written notice of the discontinuance of the suit and immediately caused the writ in the second suit to be served, and subsequently, at the same term, entered upon the docket of the court a discontinuance of the first suit; and it was held, that the second suit was not vexatious, and would not be abated by the pendency of the prior suit.

In this state a suit is held to be pending after the service of the writ.

ASSUMPSIT upon a promissory note. The defendant pleaded in abatement, that when the writ in this suit was sued out and served upon him, there was pending in court a prior suit against him, in favor of the same plaintiff and for the same cause of action. The plaintiff replied, that the justice of the peace, who issued and signed the writ in the prior suit, and who took the recognizance therein, was attorney for the plaintiff in that suit, and that his name was indorsed upon the writ as attorney; that that suit was entered in court, May Term, 1847, and the defendant pleaded the defect above stated in abatement; that on the 31st day of May, 1847, which was during said term, the plaintiff gave notice to the defendant, in writing, that the prior suit was discontinued, and immediately caused the writ in this suit to be served by attaching the defendant's property; that this suit was commenced and is pending, not for any vexatious purpose, but for the only purpose of securing the plaintiff's debt; and that afterwards, on the third day of June, 1847, which was within a reasonable time, and during the same term, the plaintiff caused the prior suit to be discontinued by an entry of nonsuit upon the docket of the court, and paid to the defendant his costs therein; *without this,* that the said prior suit yet remained pending and undetermined in the county court at the time when the writ in this suit was sued out and served upon the defendant. The defendant rejoined, traversing the latter allegation, and issue was joined, Trial by the court, REDFIELD, J., presiding.

On trial the court found the facts alleged in the replication to be true, and decided, that the prior suit was so far discontinued at the

commencement of this suit, as not to be any just cause for abating the present writ, and rendered judgment for the plaintiff, to recover his damages and costs. Exceptions by defendant.

*Washburn & Marsh* for defendants.

The writ in this suit was served May 31, 1847, and was made returnable to the November Term, 1847, of Windsor county court. On the same thirty first day of May, 1847, there was pending in Windsor county court, then in session, a prior suit between the same parties, and for the same cause of action; and in that prior suit a judgment of nonsuit was entered June 3, 1847. The defendant insists, that this was such a pendency of a former suit at the time of the service of the writ in this action, as will defeat this action, upon his plea *in* abatement filed for that cause. 1 Bac. Ab., Abatement M., p. 23. *Knight's Case*, Salk. 329. *Commonwealth* v. *Churchill*, 5 Mass. 177. *Parker* v. *Colcord*, 2 N. H. 36. The former action was pending at the time of the service of the writ in this suit; and that action, having been duly entered in court, was in no sense discontinued, until the entry of judgment was made upon the docket. *Knight's Case*, Salk. 329. *Parker* v. *Colcord*, 2 N. H. 36. And even then the judgment would not take effect until the last day of the term. *Day* v. *Lamb*, 7 Vt. 426. *Portland Bank* v. *Maine Bank*, 11 Mass. 204.

The principle, that a second suit is not vexatious and will not be abated by the pendency of a prior *defective* suit for the same cause of action, extends only to cases, where the plaintiff has made no attempt to pursue the former suit as a valid process, beyond the mere act of service. 1 Root 562. *Hill* v. *Dunlap*, 15 Vt. 645. But in the case at bar the first suit was entered in court, and the plaintiff was pursuing it to judgment, and made no attempt to discontinue it, until after plea in abatement filed.

*W. C. French* for plaintiff.

We claim, that the first suit was discontinued from the giving of the notice. The plaintiff could not afterwards proceed and take judgment in that suit. *Hill* v. *Dunlap*, 15 Vt. 645. But if it were not technically discontinued, we apprehend, that the law and practice are well settled in this state and Connecticut, that the second suit

Downer *v.* Garland.

will not abate, unless it is *in fact* vexatious. And this is a *fact*, for the court to find, and is not *inferred* because there are two suits pending for the same cause at the same time. Gould's Pl. 283. *Hill* v. *Dunlap*, 15 Vt. 645. It will not be pretended, that this suit was *in fact* vexatious; for the court distinctly find the fact otherwise.

The ground, upon which all courts proceed in abating subsequent suits, is, that they are unnecessary and oppressive. If, therefore, the plaintiff cannot obtain a full remedy in the first suit, it will not abate the second suit. Thus it has been decided, that a trustee process pending will not abate a subsequent action at common law for the same cause. *Morton* v. *Webb*, 7 Vt. 123. *Winthrop* v. *Carlton*, 8 Mass. 456. The pendency of a prior suit in a foreign court, or a court of another state, or a United States' court, cannot be pleaded in abatement, nor, in England, the pendency of a prior suit in an inferior court. 1 Chit. Pl. 488. *Brown* v. *Joy*, 9 Johns. 221. *Walsh* v. *Durkin*, 12 Johns. 99. *Lindsay* v. *Larned*, 17 Mass. 190, 197. *Newell* v. *Newton*, 10 Pick. 470. After the decision in *Ingraham* v. *Leland et al.*, 19 Vt. 304, the plea in abatement was regarded as fatal to the first suit.

If there is a plea in abatement to the first suit, the authorities in England and in this country are, that the first suit may be discontinued after the commencement of the second suit, and after a plea in abatement is filed in the second suit, *Marston* v. *Lawrence et al.*, 1 Johns. Cas. 397. *Osborn* v. *Haddock*, Barnes' Notes 257, 1 Cromp. 188.

The opinion of the court was delivered by

KELLOGG, J. That the pendency of a prior suit between the same parties and for the same cause of action is ground of abatement of the second suit is a doctrine of the common law. And this doctrine is founded upon the supposition, that the second suit is unnecessary, oppressive and vexatious. Such are the reasons assigned in the books for the adoption of the rule. It is based upon the supposition, that the first suit was effective and available and afforded an ample remedy to the party, and hence the second suit would be unnecessary and consequently vexatious. This being the reason for the adoption of the rule, there would seem to be no propriety in ex-

tending and applying it to cases, where the reason does not exist. It would be much more consonant to reason, to apply the maxim, that, when the *reason* for the rule ceases, the rule itself should cease. Hence it is that courts, in modern times, have somewhat modified the rule, and, instead of regarding the second suit as *necessarily* vexatious, have gone into the inquiry of whether, *in fact*, it was vexatious. It is upon this principle, that the courts in Connecticut have uniformly proceeded, in holding that the second suit is not vexatious, when it appears, that the prior suit must have been *ineffectual*, and consequently that it is no ground for abating the second suit. This doctrine is laid down in the case cited from Root's reports, cited by Judge GOULD in his treatise upon pleading, and is recognized by the Superior Court in 18 Conn. 290, as settled law in that state. And we think the rule thus established in Connecticut is founded in reason and sustained by authority.

In New York the rule seems to have been somewhat different. In that state it has been held, and professedly upon English authority, that when the defendant pleads in abatement the pendency of another action, the plaintiff may enter a discontinuance in the first suit before a replication is filed to the plea in abatement, and that without leave of the court, and thereby sustain a replication of *nul tiel record. Marston* v. *Lawrence,* 1 Johns. Cas. 397. This was held to be matter of right, and the court cited, as sustaining the position, Barnes' Notes 257, 1 Leon. 105, and 1 Sellon's Practice 304.

So it was held by this court, in *Hill* v. *Dunlap, 15 Vt. 645,* that, if one commence a suit by process which is defective, he may discontinue it and bring fresh suit, and the second suit will not be considered vexatious ; and that the former suit may be discontinued by oral notice. The court farther say, " we have adopted the rule, which obtains in Connecticut and some of the other states, that, if the party bring a defective suit, he may, upon discovering the defect, discontinue that suit and bring another, and this shall not be considered vexatious. It will be seen, upon examination, that the case of *Hill* v. *Dunlap* is very similar to the one at bar. The only difference between them is, that in the former there was oral notice of the discontinuance and the suit was not entered in court, and in the latter the notice of discontinuance was in writing and the suit had been entered in court, before the defect was discovered. In the

former case the first process was *presumed* to be defective; in the latter it was *proved* to be so. It was fatally defective, and the defendant had pleaded the defect in abatement. It is apparent, that that suit must have been ineffectual, had it been pursued. The only difference relied upon is, that the suit in the present case, the pendency of which is pleaded, was entered and pending in court at the commencement of the present suit. This difference, we think, is unimportant. The fact, that the suit had been entered in court and no discontinuance entered upon the docket, did not deprive the party of the power of discontinuing it at any time, subject, however, to the payment of costs to the adverse party,—which was done in the present case.

Nor do we think it was indispensably necessary, that entry of discontinuance should have been made upon the record prior to the bringing a fresh suit. The written notice delivered to the defendant was a virtual discontinuance of the suit, so far, at least, as to prevent its being cause for abating the second suit. It put it out of the power of the plaintiff to legally proceed farther in the suit; and had he, after such notice, entered up judgment, the same would have been set aside upon *audita querela*.

It has sometimes been made a question, as to when a suit could be said to be first pending,—whether at the purchase of the writ, the service of it, or the entry of it in court. But in this state it is believed to have been uniformly held to be pending after service. And if suits after service and before entry can be discontinued by notice from the plaintiff, as in *Hill* v. *Dunlap*, we do not see, why the same may not be done after entry, if there should exist a proper occasion for it.

Upon the whole, we are satisfied, that there is no sufficient ground for reversing the judgment of the county court, and the same is therefore affirmed.