MATURIN BALLOU v. LEONARD BALLOU & GEO. H. SALISBURY.

*Abatement.   Discontinuance of a suit and notice.*

A second suit for some of the same things, sued for in a former suit, still pending, will not abate in whole or part the other suit.

Notice of a discontinuance of a suit need not be in writing, unless for the purpose of saving costs.

TROVER for four horses, four harnesses, four whiffletrees, two neck-yokes, and one wagon.

The defendant Salisbury pleaded in abatement, " and says he " ought not to be compelled to answer to said writ and declaration " because he says that the said Maturin Ballou, on the 14th day of " October, A. D. 1852, prayed out from John Roberts, Esquire, of " Whitingham, in said Windham County, then and still a justice of " the peace for said county, a writ of trover against said Salisbury " and one Willard A. Dennison, of said Whitingham, returnable be- " fore said Roberts, justice of the peace at said Willard A. Den- " nison's inn in said Whitingham, on the twenty-eighth day of Oc- " tober, A. D. 1852; that the said writ was duly served on said " Salisbury and said Dennison, on the 20th day of said October, " and on said 28th day of said October, was duly heard and tried " before said justice of the peace at said Whitingham, and that " judgment was then and there rendered by said justice that the " said Salisbury and Dennison were guilty of the conversion com- " plained of in said action, and that the said Maturin Ballou should " recover of said Salisbury and Dennison, the sum of eight dollars, " damages and six dollars and sixty-five cents costs, in said suit, " and the said Salisbury and Dennison, within two hours after the " rendering of said judgment prayed that an appeal might be " granted to the county court, then next to be holden at Newfane, " in and for said county of Windham, on the third Tuesday of " April, A. D. 1853.   Whereupon said justice allowed said appeal, " and the said defendants, Salisbury and Dennison, as principals and " Waters Gilleet, as surety, recognized to the said plaintiff for the " prosecution of said appeal in due form of law before the said " justice, as will appear by the records of said justice, duly certi- " fied copies of which the said Salisbury brings here into court. " And the said Salisbury avers that the said action, or suit so

Ballou *v.* Ballou et al.

" brought before said Roberts was for the conversion of a certain
" harness, which was one of the same harnesses alleged in and by
" the present suit to have been converted by said Salisbury and
" said Leonard Ballou; and that the cause of action in the said
" suit before said Roberts, and in present suit is the same ; and
" that the said appeal to the said county court was still pending
" when the suit of the said Maturin, against the said Salisbury and
" the said Leonard Ballou, was commenced, and remained so pend-
" ing until after the commencement of said term of said county
" court—and this he is ready to verify ; wherefore he prays," &c.

To the defendant, Salisbury's plea in abatement, the plaintiff
filed his replication, " and says that by anything in said plea of
" said Geo. H. Salisbury above alleged, his said writ and declara-
" tion ought not to be quashed because he says, that after the ap-
" peal in the suit of himself against the said Willard A. Dennison
" and George H. Salisbury, and before the commencement of this
" suit, the said plaintiff finding his said suit against the said Den-
" nison and Salisbury would be ineffectual to obtain his just rights
" because the said writ and declaration did cover only a part of
" the property converted, to wit : one harness, as appears by a cer-
" tified copy of said writ and declaration now on file in this court,
" did thereupon for the purpose of procuring a fair and speedy
" trial to recover for all the property of the plaintiff converted by
" the said Leonard Ballou and Geo. H. Salisbury, give due notice
" to the said Dennison and Salisbury, that his said suit against
" them would be prosecuted no further, and tendered to them their
" legal costs in and about said suit, and did thereupon commence
" this suit against the said Leonard Ballou and Geo. H. Salisbury—
" and this he is ready to verify ; wherefore he prays judgment that
" the said defendants answer over to the said writ and declaration."

To the plaintiff's replication defendant Salisbury demurred. The
court,—COLLAMER, J., presiding,—overruled the demurrer, and
ordered the defendant to answer over.

To which decision of the court, the defendant, Salisbury ex-
cepted.

*J. D. Bradley* for defendant.

*W. H. Follet* for plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J.    The plea itself it seems to us is insufficient, upon its merits.    The suits are neither between the same parties, or for the same thing, as sufficiently appears by the plea itself. So that it is very questionable whether the second suit, under the circumstances, can be regarded as vexatious.    Because a second suit is for some of the same things, sued for in a former suit, still pending, it will scarcely do to say, that it will abate, either in whole, or in part, the other suit.    And the averment, that a suit for one harness is for the same trespass, as a suit for two or more harnesses is, with no explanation, and none is attempted in the plea, repugnant, and too uncertain, for a plea in abatement.

The replication is in the main good, and as a general demurrer may probably be upheld.    The plea and replication taken together would seem to show, that the first suit was defective, in fact.

2. But this is not probably necessary.

3. It is sufficient if the party *bona fide* give notice of discontinuance.

4. I am not aware that it has ever been held that it is needful to have this in writing, unless for the purpose of saving costs.

5. In a replication to a plea in abatement, it will probably be sufficient, to allege due notice of discontinuance, without setting out the particulars.

*Hill* v. *Dunlap*, 15 Vt. 645, decides that notice of discontinuance, need not be in writing, to avoid the effect of a plea in abatement, but that it must be in writing to deprive the party of his claim for costs, which is probably the only legal difference, in the two forms of notice.

Judgment affirmed.