STATE *ex rel.* JAMES CRAIG, Treasurer Kansas City Board of Education, Petitioner, *v.* CHARLES DOUGHERTY, Collector of Jackson County, Respondent.

1. *Practice, civil — Lis pendens — Plea in abatement — Board of education — Board de facto.* — Proof of the pendency of a former suit between the same parties, founded on the same cause of action is not a good ground for abatement unless the subsequent suit, on actual examination, proves to be vexatious and unnecessary. And where execution on a judgment in favor of the treasurer of a board of public schools, against a county treasurer was stayed by appeal to a District Court, proceedings in *mandamus* to enforce speedy payment of the amount sued for were not vexatious or unnecessary, so as to furnish good ground for a plea in abatement. In the latter proceedings,

if persons constitute a board *de facto*, the legality of their election is not a subject of inquiry. Being a board *de facto*, the county treasurer may safely pay over money to them.

2. *Mandamus — Suit on bond — Board of education.*—The fact that the treasurer of a board of public schools has a remedy on the official bond of a county treasurer for non-payment of money, will not prevent his proceeding against him by *mandamus*.

3. *Board of education— County treasurer — Mandamus—Amount to be paid over not inquired into.*—In *mandamus* by the treasurer of a board of public schools against a county treasurer for non-payment of money owing to the board, this court will not investigate the question of the amount to be paid, or order the payment of a specific sum; but will require him to pay over the actual balance of collections in his hands, whatever it may be.

## *Petition for mandamus.*

*H. B. Johnson*, and *A. Budd*, for petitioner.

I. Notwithstanding an action on the case may lie for neglect of duty, the respondent may be compelled by *mandamus* to exercise his functions, and perform his duties according to law. (McCullough v. The Mayor of Brooklyn, 23 Wend. 458 ; The People v. Mead, 24 N. Y. 120 ; *Ex parte* Lynch, 2 Hill, 47 ; Strong, petitioner, 20. Pick. 497 ; Osborn v. United States Bank, 9 Wheat. 844 ; Randall v. United States, 12 Pet. 615 ; Kendall v. Stokes, 3 How., U. S., 99 ; Philadelphia v. Johnson, 47 Penn. St. 382 ; Fremont v. Crippen, 10 Cal. 211 ; Hall v. Selectmen, &c., 39 N. H. 511 ; Case v. Wessler, 4 Ohio St. 561 ; Matter of the Trustees of Williamsburg, 1 Barb. 34 ; The County of Pike v. The State, 11 Ill. 202 ; Moses on Mandamus, 108–12 ; Hall v. County Court of Audrain County, 27 Mo. 329 ; Cass Township v. Dillon, 16 Ohio St. 38 ; Carpenter v. Co. Com. of Bristol, 21 Pick. 259 ; Com. v. Rosseter, 2 Binn. 360 ; School District No. 1 v. District No. 2, 3 Wis. 333 ; People v. Supervisors of Macomb, 3 Mich. 475 ; Marathon v. Oregon, 8 Mich. 372 ; Hamilton v. The State, 3 Ind. 527 ; People v. State, 2 Barb. 397–418. )

II. An action on the bond of the collector would not be a complete, adequate and specific remedy.

III. The withholding this money is a continuing injury for which separate actions from time to time would lie.

IV. The more recent and reasonable practice is, to inquire and determine as a matter of fact whether the second suit is unnecessary, oppressive or vexatious, and if not to allow it to stand. (Downer v. Garland, 21 Verm. 362.)

V. The title to office of an officer *de facto* can not be inquired into collaterally. (Hall v. Luther, 13 Wend. 491; People v. Hopson, 1 Den. 574; Ring v. Grout, 7 Wend. 341; McCoy v. Curtice, 9 Wend. 17; Stevens v. Newcomb, 4 Den. 437; Facey v. Fuller, 13 Mich. 527; Satterlee v. San Francisco, 23 Cal. 314; Hooper v. Goodwin, 48 Maine, 79; Colton v. Beardsley, 38 Barb. 29.)

VI. But in collecting the tax levied by said board, and paying a portion thereof over, the respondent has admitted that they are a legal board, and he is now estopped from denying it. This amounts to an estoppel *in pais*. (6 Bac. Abr. 447.)

VII. The statement in the return, that the respondent does not know the amount of money in his hands to which said board is entitled, is evasive and frivolous. He is bound to know the amount and hold himself in readiness to pay the same over upon demand. (Sess. Acts 1867, p. 182, § 9.)

*J. R. Sheley*, for respondent

The pendency of the other *mandamus* (now pending in the District Court) is a complete bar to this proceeding; otherwise it amounts to a review of the action of the inferior court before which the case was tried, and which can not be done. (Little v. Morris, 10 Tex. 263; Tapping on Mandamus, 343; People, etc., v. Warfield, 20 Ill. 164; State v. Jones, 10 Iowa, 65; 1 Moses on Mandamus, 213.)

CURRIER, Judge, delivered the opinion of the court.

This is a petition for a writ of *mandamus*, requiring the respondent to pay over the school moneys in his hands, as collector of Jackson county, to the treasurer of the board of education of Kansas City. Among other things, the petition shows that the board of education duly assessed school taxes for the support of the public schools of Kansas City for the year 1869; that these

taxes were duly extended and placed in the respondent's hands for collection ; that he has made collections to the amount of some $25,000, which he neglects and refuses to account for and pay over, as required by law ; that no payments have been made since June last, although prior to that time payments were made and the authority of the board recognized; that the schools can not be kept up and continued without the funds in the hands of the respondent, which he wrongfully withholds from the use of the board.

The respondent, by his return, admits that the parties named in the petition as constituting said board of education, are and have been acting in that capacity ; that he has paid over school moneys to their treasurer, as alleged in the petition ; but denies that said parties were legally elected, and denies that they constitute the legal board of education ; and avers that certain other named parties are claiming to constitute said board, and require the school moneys to be paid to them ; and further, that he is not able to state the exact amount of school moneys in his custody ; and insists that this court can not go into that inquiry and determine the amount.

As ground of abatement, it is alleged that a prior suit, similar to this, between the same parties and for the same cause of action, is now pending in the First District Court, having been taken there by the respondent, on appeal from the judgment of the Court of Common Pleas of Kansas City. It is also alleged that the relator has an ample remedy for the grievance complained of, by suit on the respondent's official bond, and it is therefore insisted that *mandamus* will not lie.

The questions for consideration and decision, in this case, arise upon demurrer to the respondent's return to the alternative writ :

1. Waiving the question whether it is allowable to plead in abatement and to the merits, in the same pleading, I will proceed to consider the question whether these proceedings are abatable because of the matters alleged in the return. The ground on which courts proceed in the abatement of subsequent suits is that they are unnecessary, and are therefore deemed vexatious and oppressive. But the modern practice is not to infer, as matter

of law, that the subsequent suit is vexatious and unnecessary, from the mere fact of the pendency of a prior suit between the same parties, founded on the same cause of action, but to proceed, upon inquiry, into the actual circumstances of the two cases, and then determine, as a matter of fact, whether the subsequent suit is unnecessary and vexatious. (Downer v. Garland, 21 Verm. 362.) The inquiry, then, is, whether this proceeding is in fact vexatious and unnecessary. Is the relator's remedy full and effectual by the first process? Or is that process inadequate and insufficient for the protection of the public interests involved? The case shows that the public schools of Kansas City are exposed to disastrous consequences unless the moneys locked up in the respondent's hands can be made available at once, or at an early day. The remedy, in order to meet the exigency of the schools, must be rapid in its progress. Time is an essential element to be considered in judging of its adequacy. But no final disposition of the prior suit can be had in the court of last resort without a further delay of six or twelve months. In the meanwhile what will become of the public schools? They must be disbanded, unless the public money provided for their use can, by some process, be made available. The respondent, as the case shows, has paid over none of these moneys for the last seven months. He admits that he has made collections, and that school moneys of an indefinite amount remain in his custody, which he refuses to pay over and account for. Plainly, this condition of things should be broken up without unnecessary delay. The public interests involved are too urgent and important to warrant a further delay of the remedy for another seven months. The remedy by the first suit, therefore, is clearly inadequate to meet the necessities of the schools, and this proceeding is resorted to for that reason. It was not vexatiously intended, and we do not hold it to be so in fact. It was not resorted to till the respondent had, by his appeal, arrested the execution of the judgment of the Common Pleas Court. It is to be observed, moreover, that the misconduct charged upon the respondent is continuous, exposing him to successive suits. This suit embraces more than the first. The petition counts on a breach of duty

alleged to have occurred on the twenty-third day of December, 1869 — a considerable length of time after the first suit was instituted, and which the first suit could not have included. The causes of action, therefore, are not strictly identical.

2. But the respondent further insists that these proceedings ought not to be upheld, because he says that the persons constituting the *de facto* board of education, were not legally elected, and do not, therefore, constitute the legal board. Whether or not they were legally elected and are legally in office, depends upon the facts and circumstances of the election; and the facts are not set out so that it can be seen whether or not the board is a legal one. The respondent, in this respect, alleges a mere conclusion of law. But, whether legally elected or not, the parties in question are admitted, by the pleadings, to be in office, and in the discharge of the functions thereof; and that is sufficient for the purposes of the case, and sufficient to warrant the respondent in dealing with them as constituting a board legally competent to discharge the duties thereto appertaining. They constitute the *de facto* board of education of Kansas City, and the legality of their election is not a subject of inquiry here. (Facey v. Fuller, 13 Mich. 527; Hooper v. Goodwin, 48 Me. 79. People v. Hopson, 1 Denio, 574.) Moreover, the respondent, by his repeated acts, has recognized the legal existence of the board as at present constituted. He collected the taxes assessed by them, and paid over the proceeds of his collections, down to June, 1869. (See 6 Bac. Abr. 447.) The pleadings show this, and they fail to show that any legal proceedings have been instituted to test the rights of the parties to the office they actually hold and enjoy, and the duties of which they have discharged for a considerable length of time. Being the *de facto* board of education, the respondent may safely pay over to them the money in his hands, as he ought to have done long ago.

3. It is further urged that a peremptory writ ought not to issue herein, for the reason that the relator has a remedy on the respondent's official bond. That circumstance does not bar this suit. (Cass Township v. Dillon, 16 Ohio St. 38; School District No. 2 v. District No. 1, 3 Wis. 333; Kendall v. United States, 12 Pet. 615.)

4. But the respondent avers that he does not know and is unable to state exactly how much of the public funds remain in his hands. It is his business to be conversant with these facts, and he must, at his peril, inform himself in regard to them. It is true that this court will not go into any investigation of that matter. Nor will it, under the case made, direct him to pay over any specific sum of money. It will, however, require him to pay over the actual balance of collections in his hands, whatever it may be. He must ascertain the amount for himself and see to it that he renders an accurate return.

The peremptory *mandamus* will be ordered; the other judges concurring therein.