Mr. Justice Westcott
delivered the opinion of the court.
Thi.s was an action of replevin brought by the defendants in error against the plaintiffs in error in the Circuit Court of the State of Florida for the First Judicial Circuit in the county of Santa Eosa to -recover three hundred and ninety-eight pine saw-logs, which defendant, as Sheriff and ex offi-cio timber agent, had seized.
The defendant pleaded, first, the general issue not guilty; second, that the timber and logs described in the declaration are not, and were not at the time of the said alleged taking, the property of the plaintiffs; third, that the said plaintiffs are not and were not lawfully entitled to the possession of said property in the declaration mentioned at the time of the replevin of the same by the said plaintiffs; fourth, that the said property in the declaration mentioned at the time of the alleged seizure thereof by the defendant was the property of the State of Florida, qnd the said logs and timber had been cut on the public lands of the State, and that at the time of the said alleged seizure the defendant was the Sheriff of the State of Florida for the county of Santa Eosa, and, ex-officio, the timber agant of the State for the said county of Santa Eosa, and that, as such timber agent, he seized three hundred and ninety-four logs of pine timber as the property of the State, as he was by law required to do. The second, third, and fourth pleas concluded with a verification.
There was no replication to the second, third, and fourth pleas, and one of the errors assigned is, trying the case in the absence oí a replication, and of any issue upon these pleas. Testimony was introduced upon the trial to sustain the pleas, and it is evident from the record that they were not abandoned.
This case comes clearly within the rule announced by this court in 1855, in the case of McKinnon vs. McCollum, 6 Fla., 376, and unless we are prepared to overrule this case we must follow it here. It has been the rule for over twenty years, and must determine this case.
This court, in the case of McKinnon vs. McCollum, said: "Either the proceedings in the court below were very irregular, or the record is very defective. The two pleas of justification both conclude with a verification, yet they do not appear to have been replied to or present any issue for the jury to try. The first plea (the general issue) concluded to the country, and might, with propriety, have been submitted to the jury had the other two pleas been disposed of, but thus to submit it while these other pleas remained un-disposed of was an error for which, if there were no other, the case should be sent back, as it clearly appears that they were not abandoned.” See, also, 4 How., (Miss.) 352.
We will also say, without going into any elaborate examination of the testimony, that the evidence establishes that at least some of the logs, for the recovery of which this action was brought, were cut from the lands .belonging to the Internal Improvement Fund or to the School Fund, to all of which lands the power of the Sheriff as ex-officio timber agent extends.
The judgment is reversed, and the case will be remanded for further proceedings consistent with this opinion and conformable to law.