JOHN S. HARRIS, APPELLANT, VS. SARAH P. FERRIS, ET AL., APPELLEES.

| 18 | 81 |
| 37 | 362 |
| 37 | 365 |
| 18 | 81 |
| 45 | 236 |

An appeal in an equity cause having been dismissed for want of prosecution or for irregularity, the merits of the cause not having been passed upon, a second appeal may be taken within the time limited by the statute from the entry of the decree.

Appeal from the Circuit Court for Duval county.

The former appeal referred to in the opinion was dismissed at the June Term, A. D. 1880, on account of the failure of the appellant to file in this court a transcript of the record and proceedings, as required by the statute and rules of practice.

The other facts are stated in the opinion.

*J. C. Marcy & Son* for the motion.

*Fleming & Daniel, contra.*

THE CHIEF-JUSTICE delivered the opinion of the court.

At the June Term, 1880, an appeal was dismissed under the statute. (Th. Dig., 448.)

A new appeal was afterwards taken, and a motion is now made to dismiss it on the ground that the former appeal having been dismissed, the decree was thereby affirmed and the right of appeal exhausted.

An appeal dismissed for informality does not prevent a party appealing a second time within the time prescribed by law for taking appeals. (Yeaton vs. Lenox, 8 Peters, 123.)

Where an appeal has been dismissed for want of prosecution, a second appeal may be allowed. (U. S. vs. Fremont, 18 How., 37, per Catron J. ; U. S. vs. Curry, 6 How., 113.)

Dismissal of appeal for informality or want of prosecution does not bar appellant from taking and prosecuting another appeal within the time allowed by law for appealing. (Steamer Virginia vs. West, 19 How., 182.)

In Brill vs. Meek, 20 Mo., 358, (Law,) an appeal was dismissed for want of prosecution, and a writ of error was allowed.

On several occasions in this court, when an appeal had been dismissed for want of prosecution and other grounds not involving the merits of the causes, a writ of error has been afterwards allowed for the purpose of reviewing the same judgment, the statutory period for appealing having elapsed. The cases, however, as reported (except Benbow vs. Marquis, 17 Fla., 441,) do not mention the point, as no question seems to have been raised by counsel.

In cases at law an appeal in short time or writ of error may be had for the purpose of reviewing proceedings taken

in the progress of the cause, while in chancery an appeal only is allowed, and two years are allowed for suing out a writ of error at law or an appeal in equity causes.

The effect of an appeal or writ of error in cases at law is to bring the matter before the Appellate Court for review, the appeal being a statutory substitute for the writ of error.

It was remarked that if second appeals were allowed it would open the door to abuses by successive appeals, and would lead to delay and annoyance; but as cases arise the court will determine as to the good faith of appellants, and endeavor to protect itself and opposing parties against imposition.

The correct rule, in our judgment, is that where an appeal is dismissed for irregularity, or for want of prosecution, the merits of the cause not having been determined by the Appellate Court, a writ of error or a second appeal may be allowed, if not prosecuted in bad faith, within the time limited by law.

In this case the second appeal, though there appears to have been some neglect by the clerk below in the matter of the citation, seems to have been properly taken, and the motion to dismiss is denied.