GLASSER, KUDER & OTTENSOSER, PLAINTIFF IN ERROR, VS. N. W. HACKETT, DEFENDANT IN ERROR.

1. As a general rule the law presumes that a single cause of action can be tried and determined in one suit, and will not permit a plaintiff to maintain more than one action against the same party for the same cause at one time.

2. The remedy for the defendant against whom two actions are brought by the same plaintiff for the one cause is a plea in abatement to the second action. Such plea must show that the former action is still pending when the plea is filed, and it is a good reply to such a plea that the prior action has been dismissed. The reason upon which the rule proceeds is that the first suit is effective and available and affords ample remedy to the plaintiff, and therefore the second suit is unnecessary, and consequently vexatious. Therefore, where it is shown that the former suit is ineffectual to accomplish its purpose, or that it has been dismissed, the second suit is necessary and not vexatious, and should not be abated.

Glasser, Kuder & Ottensoser v N. W. Hackett.—Opinion of Court.

3. The principles stated in the preceding head-notes are applicable to writs of error. A writ of error is in the nature of a new suit. A motion to dismiss a writ of error because of the pendency of a prior writ of error is in the nature of a plea in abatement, and should not be granted where the first writ of error is wholly ineffectual to accomplish its purpose, or where it has been dismissed. (MABRY, C. J., *dissenting*).

4. A writ of error without supersedeas does not remove the record from the court below in the sense that the lower court loses any control over it, or power to enforce the judgment upon which the writ is taken. Neither does the issuing of a first writ of error exhaust the power of this court over the subject-matter. A second appeal or writ of error is allowed in this State when sued out within the statutory limitation, where the first has been dismissed for irregularity or want of jurisdiction.

5. The absence from the transcript of the record of the order allowing time to present the bill of exceptions is not sufficient reason to strike it from the record, when it appears from the bill of exceptions itself that such an order was made.

6. Where a bill of exceptions is presented for signature within the time allowed by the order of the court it is not essential that it should be actually signed upon the day it is presented.

Writ of Error to the Circuit Court for Bradford county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss Writ of Error.

*W. B. Young*, for Motion.

*J. L. Frazee*, Contra.

LIDDON, J.:

The defendant in error moves the court to dismiss the writ of error, and to strike the bill of exceptions from the record. The ground of the motion to dis-

miss the writ of error is "because at the time said writ was issued and filed in the Circuit Court, the said cause was pending in this court upon writ of error." The record of the case here shows that prior to September 14th, 1895, a writ of error had been issued from this court upon the same judgment which is attacked by the present writ. On the date mentioned a motion was filed to dismiss said writ of error, one of the grounds of said motion being a failure of the plaintiff in error to file his briefs within the time prescribed by the rules of this court. On October 8th, 1895, the motion was granted upon the ground stated.

The second writ of error, the one now sought to be dismissed, issued September 19th, 1895, after the motion was filed to dismiss the first writ, but before the order was made dismissing the same. There was no supersedeas of the judgment of the court below upon either writ. The question is, ought a second writ of error to be dismissed because issued while a prior one was pending, when the motion is made for that purpose after the prior writ had been properly dismissed by the order of the court? Authority upon the same state of facts as this case is extremely scarce. No case of the precise kind was pointed out to us by the counsel of either party, and in our investigations we have discovered only two, which are referred to in the course of this opinion. Authority is abundant upon the general question of the effect of bringing two suits upon the same cause of action, and under what circumstances the suit last brought should abate. As a general rule, the law presumes that a single cause of action can be tried and determined in one suit, and will not permit a plaintiff to maintain more than one action against the same party for the same cause at

one time.   6 Wait's Actions & Defenses, p. 496 and
authorities cited.   The remedy for the defendant
against whom two actions are brought by the same
plaintiff for the one cause is a plea in abatement to the
second action.   Such plea must show that the action
is still pending when the plea is filed, and it is a good
reply to such plea that the prior action has been dis-
missed.   Ibid, 498.   The reason upon which the rule
proceeds is, that the first suit is effective and availa-
ble, and affords ample remedy to the plaintiff, and
therefore the second suit is unnecessary and conse-
quently vexatious.   There seems to be no propriety
in extending the rule to cases where the reason does
not exist.   Therefore where it is shown that the former
suit is ineffectual to accomplish its purpose, or that it
has been dismissed, and is not pending, the second
suit appears upon the face of the proceedings as nec-
essary and not vexatious, and should not be abated.
Durand vs. Carrington, 1 Root, 355; Ward vs. Curtiss,
18 Conn. 290; Adams vs. Gardiner, 13 B. Mon. 197;
Ballou vs. Ballou, 26 Vt. 673; State ex rel. Craig vs.
Dougherty, 45 Mo. 294; Averill vs. Patterson, 10 N.
Y. 500; Jenkins vs. Pepoon, 2 Johnson's Cases, 312;
Chamberlain vs. Eckert, 2 Biss. 124; Langham vs.
Thomason, 5 Texas, 127; Jewett vs. Locke, 6 Gray,
233; Rogers vs. Hoskins, 15 Ga. 270; Swart vs. Borst,
17 How. Pr. 69; Hixon vs. Schooley, 26 N. J. Law,
461.   There are some cases which seem opposed to
those cited.   Gamsby vs. Ray, 52 N. H. 513, is one of
them, and others are cited therein.

The principles above stated have reference to suits
generally.   Are they applicable to writs of error?
We think so.   Our practice assimilates writs of error
to other suits.   A writ of error is in the nature of a

new suit. A motion to dismiss a writ of error is in the nature of a plea in abatement. Loring vs. Wittich, 16 Fla. 323, text, 327. To same effect is Powell's Appellate Procedure, 105 *et seq.*, 262 *et seq.* This work (page 105) says: "Proceedings in error are in the nature of a new action, and are brought by the person against whom final judgment has been rendered, in the court below, whether plaintiff or defendant. It is brought on some alleged error in such judgment and proceedings, and the person by whom this new action in error is brought is called the plaintiff in error, and the opposite party the defendant in error. Frequently they are the same parties, and as they stood in the court below; but often they are reversed."

There is no force in the contention that by the first writ of error the record was so removed into this court that there was nothing in the court below for the second writ to act upon. A writ of error without supersedeas does not remove the record from the court below in the sense that the lower court loses any control over it, or power to enforce the judgment upon which the writ is taken. Powell on Appellate Proceedings, p. 103; McJilton vs. Love, 13 Ill. 486, text 494, S. C. 54 Am. Dec. 449. Neither can it be said that the first writ of error exhausts the power of this court over the subject-matter. A second appeal or writ of error is allowed in this State when sued out within the statutory limitation, where the first has been dismissed for irregularity or want of jurisdiction. Benbow vs. Marquis & Co., 17 Fla. 441; Harris vs. Ferris, 18 Fla. 81.

The cases previously referred to, and the only ones which we have seen where the question arose as to whether the principles above stated as applicable to

other actions had any application to writs of error, are Quinebaug Bank vs. Tarbox, 20 Conn. 510, and Garrick vs. Chamberlain, 97 Ill. 620. It was expressly decided in these cases that the same general principles applied to writs of error. Therefore a plea in abatement to a writ of error founded on the pendency of another writ of error to reverse the same judgment, should be overruled where it appeared that the first writ of error would have been wholly ineffectual, or where it had been dismissed. In such cases it is said the second writ is not vexatiously brought.

The motion to strike the bill of exceptions is upon two grounds: The first is that "no bill of exceptions was made up and signed during the term of the court at which the trial was held, and the transcript of the record does not show that any special order was made and entered in the minutes allowing further time." The bill of exceptions recites that it was proposed to the Judge "on the 19th of April, A. D. 1895, * * by virtue of a special order herein made," and that on said date plaintiffs in error did "request him to sign the same." The Circuit Judge adds that "this bill of exceptions was presented to me on the afternoon of April 19th, 1895, and taken away by attorney for plaintiff and delivered to the attorney for claimant to look over; and on this day, to-wit: July 3d, 1895, attorneys for parties appeared before me and settled same, whereupon I have this day signed same as of the day presented, court having adjourned March 22d, and thirty days additional having been granted plaintiffs to prepare, present and settle their bill of exceptions." The absence from the transcript of the order allowing time to present the bill of exceptions is not sufficient to dismiss the bill of exceptions, as the bill

of exceptions itself clearly states in two different places that such an order was made. In the absence of evidence to the contrary, such statement is sufficient proof of the making of such order. Robinson vs. Hartridge, 13 Fla. 501; Baker vs. Chatfield, 23 Fla. 540, 2 South. Rep. 822.

The second ground of the motion to strike is, that "the certificate of the Judge shows that the plaintiffs did not comply with the special order allowing further time." The certificate in question is quoted above. It shows thirty days' further time was allowed. The court at which the order was made adjourned March 22d, 1895. The bill was presented for signature April 19th, which was within the time allowed. The bill of exceptions being presented in proper time, it was not essential that it should have been actually signed upon the day it was presented. Mayo vs. Hynote, 16 Fla. 673. The taking of it away by the attorney of the plaintiffs in error to be delivered to the attorney of the defendant in error is necessarily presumed to have been done with the consent of the Judge and of the parties, and it was proper to finally settle and sign it July 3d, 1895, as of April 19th, 1895, when it was presented for signature. Mayo vs. Hynote, *supra*.

The motion is denied.

---

MABRY, C. J.: (*dissenting*).

I have been unable to get my consent to the views expressed in the foregoing opinion as to the effect of suing out the second writ of error while the first one was pending in this court, and effectual in every respect so far as the bringing of the case and the parties

here. After the motion was made to dismiss the first writ of error, but before there was any disposition of the motion, or of the case here, the second writ of error was sued out, and we had in fact two writs of error operating or purporting to operate upon the same judgment at the same time. It has been definitely settled here that the dismissal of an appeal for a failure to comply with some requirement of the statute regulating appeals does not preclude a second appeal, nor a writ of error, if taken in due time. Harris vs. Ferris, 18 Fla. 81; Johnson vs. Polk County, 24 Fla. 28, 3 South. Rep. 414. But it has not been decided here that the second appeal or writ of error could be sued out before dismissal of the first appeal or writ of error. In Holland vs. State, 15 Fla. 549, after an appeal with supersedeas had been perfected, an attempt was made to dismiss the case in the lower court, and it was held that after the jurisdiction attached in this court it was exclusive so far as its power over the final decree of the Circuit Court was concerned.

Cases at law can, under the Revised Statutes, only be brought to this court by writ of error, and the mode of bringing them here is specifically pointed out by statute. At common law a writ of error issued out of a court of competent jurisdiction directed to a judge of a court of record, in which a final judgment had been rendered, commanding in some cases that the judge himself examine the record; in others that the record be sent to another court of appellate jurisdiction, to be there examined, in order that some alleged error in the proceedings may be corrected. The object of the writ is to review and correct an error of law, which was amendable at common law, or cured by the statutes of Jeofails. It is said that "it is considered a

new suit, and it is less an action between the original parties than a question between the judgment and the law. It is not the action that is to be judged, but the judgment." Allen, Ball & Co. vs. Mayor, etc., of Savannah, 9 Ga. 286, and authorities cited. The writ of error has always been considered in the nature of a new suit, and several important results are based upon its character as such. This court has regarded the writ in the nature of a new suit. Loring vs. Wittich, 16 Fla. 323; State vs. Mitchell, 29 Fla. 302, 10 South. Rep. 746; United States Mut. Acc. Ass'n vs. Weller, 30 Fla. 210, 11 South. Rep. 786. Still, in the nature and object of the writ it differs in essential particulars from an ordinary suit in a trial court. Some courts hold that it is more the continuation of the same suit than the institution of an entire new one. The writ of error is confined to the final judgment and the parties and their privies in the original action. It was decided in Quinebaug Bank vs. Tarbox, 20 Conn. 510, that "though the general principle is well-settled that the pendency of a prior suit between the same parties, for the same thing, will abate a suit subsequently brought, this principle does not prevail in our courts where it appears that the first suit would be ineffectual." It appeared in the case just cited that the first writ of error was ineffectual to bring the entire merits of the case before the court, and no reliance was placed on it by plaintiff in error. It had been held in the same court that when a plaintiff in an action at law commenced and prosecuted two suits, the parties thereto, and the object and effect of the suits, being the same, an improper use of legal process was made, and the pendency of each suit was good ground to abate the other. Beach vs. Norton, 8 Conn. 71. In

Illinois, it seems, appeals or writs of error may be taken to the appellate court, or the Supreme Court, as the nature and character of the case may require; and in Garrick vs. Chamberlain, 97 Ill. 620, the case was removed to the appellate court, and after being decided there, was taken to the Supreme Court by writ of error. In the latter court a motion was made to dismiss the writ because it appeared upon the record that an appeal from the trial court to the Supreme Court had been taken and perfected. In opposition to the motion it was offered to be shown that the appeal to the Supreme Court had been dismissed at a prior term, but whether the dismissal was before or after the removal to the appellate court does not distinctly appear. It was held that the ordinary mode of taking advantage of the pendency of another suit for the same cause of action is by plea in abatement, and it was essential to such plea that it should contain an averment that the former suit was still pending. The motion to dismiss was denied. In Louisiana appeals are taken from District Courts to the Circuit Court of Appeals or the Supreme Court, according to the character of the suit or subject-matter involved, and in that State the practice is recognized, in ambiguous jurisdictions, of allowing at the same time appeals to both courts, subject to the risk that the first appeal should not be decided by the court in which it is lodged prior to the return of the second appeal, the latter necessarily lapses. In Freiberg vs. Langfelder, 45 La. Ann. 983, 13 South. Rep. 404, it was held that it was a legal impossibility that there could be two appeals by the same party, from the same judgment, pending at the same time in two different courts.

The law abhors a multiplicity of suits, and its policy is not to permit a plaintiff to maintain more than one action against the same party for the same cause of action at one time. There is a tendency in the modern decisions in this country to break away from the common-law rule as to bringing two suits in a trial court against the same party for the same cause of action (Gamsby vs. Ray. 52 N. H. 513, and authorities cited); but without saying whether the new rule should be followed here in the trial courts, under the enforced common-law rule in this State, I do not think it proper to extend, by analogy, the rule, whatever it may be, to writs of error in this court. Where the first writ of error is ineffectual and does not bring up the full merits of the case for review, there is merit and reason in permitting a second writ of error to be brought; but when the first has been perfected and is effectual for every purpose for which such writ can be employed, I am opposed to allowing a second writ upon the same judgment, while the first is pending. I have been unable to find any precedent for such practice in this court or any other, and while it will not do to press too far the observation that a thing without precedent is without safety, yet there is truth in it.

In the present case the failure of the first writ of error to accomplish its object is attributable solely to the laches of plaintiffs in error, and to permit the use of a second writ will not only enable the parties to postpone the case to a further term of this court, but to take advantage of their own laches.