WILLIAM D. GUNNING, PLAINTIFF IN ERROR, vs. WILLIAM HERON, DEFENDANT IN ERROR.

It is error to submit an issue to a jury on one plea while other pleas containing new matter remain undisposed of and the defendant is absent and the plaintiff in default in pleading.  In such case the judgment will be reversed on writ of error.

Writ of error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*E. M. Randall* for Plaintiff in Error.

No counsel appearing for Defendant in Error.

Judge JOHN F. WHITE, of the Third Judicial Circuit, sat in the place of Mr. Justice MITCHELL, disqualified.

RANEY, C. J.:  Heron sued Gunning in an action of slander.   The summons *ad respondendum* was returnable April

7th, 1884, on which day the defendant, " by his attorney," entered his appearance.

The first count in the declaration, filed May 3d, 1884, is for falsely and maliciously speaking and publishing of Heron, in the town of Sanford, in January, 1883, while testifying in the case of United States vs. Heron, in the presence of a United States Commissioner, John Mizell, Dr. L. M. Moore, and many others, who were friends of Heron, the following words, that is to say : " He (meaning the plaintiff) caused, or was the cause of his, the plaintiff, father's death," meaning thereby that the plaintiff killed his father, which statement is charged to be wholly false and untrue, and to have greatly damaged the plaintiff " in reputation among the people of the community in which he lived, and in personal feelings and otherwise.

The second count is, for that the defendant, at Orlando, in the county of Orange, on the 4th day of January, 1884, in the presence of many people who were strangers to the plaintiff, falsely and maliciously spoke and published of the plaintiff the following, that is to say : He (meaning the plaintiff) has committed more than a dozen perjuries, meaning thereby that the plaintiff had wilfully and maliciously, on more than a dozen times, committed perjury, which statement is charged to be wholly and utterly false, and greatly to the damage of the plaintiff.

Damages are laid at ten thousand dollars in each count.

Afterwards, on the 12th day of November of the same year, the defendant, by his attorneys, Jones & Murphy, filed pleas as follows :

1st. (To the declaration) he is not guilty.

2nd. (To the first count) the words set up therein were spoken of and used by the defendant during the course of a judicial proceeding, as a witness, as alleged in the declaration, were drawn from defendant in answer to certain ques-

tions propounded to him by plaintiff's attorney, said judicial proceeding being a criminal prosecution before the United States Commissioner, against plaintiff for swearing falsely in a matter of obtaining his homestead entry; that said words were not spoken with malicious intent or to slander or injure plaintiff in his character and reputation, as alleged.

3d. (To the second count) that the words set up in said count were not spoken maliciously or with slanderous intent, but were spoken in the course of a judicial proceeding as a witness, to-wit: a certain criminal prosecution in which plaintiff was the defendant in the Circuit Court of the Seventh Judicial Circuit of Florida, Orange county, at which time plaintiff was convicted of wilfully and maliciously burning and destroying by fire certain property of the defendant, Gunning, and that said words were drawn from defendant on the cross-examination by Heron's attorney, J. F. Welborne.

No further proceeding, excepting the issuance of a subpœna for witnesses on behalf of the plaintiff on May 10th 1886, appears to have been taken in the case until May 11th, 1886, when, as the record recites, "came the said plaintiff, by J. F. Welborne, his attorney, the said defendant failing to appear in person or by attorney, and thereupon came a jury, * * * who being duly tried and sworn the truth to speak upon the issues joined, returned a verdict finding the defendant guilty, and assessing the plaintiff's damages at $500. Upon this verdict judgment was entered on the same day for the damages and for costs.

To this judgment a writ of error has been taken.

It is error to submit an issue upon one plea to a jury while other pleas containing new matter remain undisposed of, when it appears that they were not abandoned. Benbow

vs. Marquis & Co., 17 Fla., 441; McKinnon vs. McCollom, 8 Fla., 376; Gunning vs. Heron, *supra*.

The second and third pleas have not been replied to, and no issue for a jury has been taken on them. An assumption that they were abandoned by the defendant would be entirely inconsistent with the action of the plaintiff in submitting them to a jury. Such an assumption would be equally applicable to the first plea.

The judgment is reversed, and the case remanded for further proceedings.